■ 300 WEST REALTY Co., Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent.—Order and judgment (one paper), Supreme Court, New York County, entered August 20, 1976, unanimously modified, on the law and on the facts, to the extent of reducing the award to $58,147 and otherwise affirmed, without costs and without disbursements. The defendant

is not precluded from contesting the issue of liability on this appeal. Its failure to appeal from the order of July, 1972 does not mean it acquiesced in the court's conclusion. This appeal from a final judgment brings on for review all intermediate orders necessarily affecting the judgment not previously reviewed. Upon review we concur with the conclusion reached at Special Term insofar as it finds defendant liable to plaintiff in damages. Although the tax deeds were void because the proceedings were a nullity *(Cameron Estates v Deering,* 308 NY 24, 30), defendant nonetheless divested the plaintiff of its ownership and possession. Thus, when the property was acquired by defendant, the responsibility for the resultant damages by fire, inclement weather, vandalism and deterioration may be placed on the shoulders of the city. (43 AD2d 680.) Plaintiff's prayer for punitive damages is unavailing. The transfer of title to defendant was a mistake, and when the error was discovered, plaintiff's managing partner was advised that defendant would immediately move to vacate what it considered a void judgment. The evidence adduced is lacking in the elements of wantonness, malice or recklessness so necessary to plaintiff's contention. Further, since this was the result of human error, there is no need to set an example or deter defendant from similar future offenses. The elements required to bring damages within the ambit of section 853 of the Real Property Actions and Proceedings Law are likewise absent. The award for compensatory damages ignores the competent evidence and discards the acceptable rules for the computation of damages in the instant case (see *Wallace v Berdell,* 101 NY 13). It was error to predicate loss of use on gross income and deny defendants credit for established expenses. The award for decrease in value was based on conclusory and arbitrary determinations rather than the values established by the expert testimony, furthermore the award for decrease in value exceeds the market value established by expert evidence. Damages for loss of use (the expert's testimony established the "cost to cure" in identical amounts), should be reduced to $15,752 for eight months of city possession based on net rental income of $8,808 for East 110th Street and $6,944 for West 139th Street, plus $42,395 for the decline in value during the eight months of city possession based on a loss in value of $13,785 for East 110th Street and $28,609 for West 139th Street for a total of $58,147. Plaintiff's contention that the 3% interest allowed is inadequate and that it should have been granted a special allowance to defray litigation cost is found to be without merit. Concur—Kupferman, J. P., Birns, Evans, Capozzoli and Lane, JJ.