■ 300 WEST REALTY Co., Respondent, v CITY OF NEW YORK, Appellant. — Order of Supreme Court, New York County (D. Vincent Cerrito, J.), entered December 6, 1982, granting reargument to the extent of permitting service of an amended complaint, unanimously reversed, on the law and the facts, with costs, the motion for reargument is denied, and the judgment dismissing the complaint is reinstated. Defendant had mistakenly foreclosed tax liens on three of plaintiff's Harlem tenements in 1972, apparently unaware that plaintiff had paid the delinquent taxes shortly before entry of the judgment of foreclosure. Upon discovery of the error, defendant acted in good faith by moving 17 days later to vacate the judgment of foreclosure and set aside the in rem deeds. Fire had damaged the properties during the two weeks after foreclosure. Plaintiff unsuccessfully opposed defendant's motion which would return the damaged properties to plaintiff, and further unsuccessfully appealed the order vacating the foreclosures. A subsequent damage action against defendant for the fire loss resulted in a compensatory damage award later reduced on appeal to $58,147 (57 AD2d 805, affd 45 NY2d 863), but a denial of punitive damages. The damage action had been made possible by a 1973 ruling (a) directing plaintiff to resume responsibility for the properties, and (b) holding defendant liable for damage to the property during the period of defendant's control (43 AD2d 680, mot for lv to app den 34 NY2d 515, mot to dismiss app granted 34 NY2d 668). Prior to the trial on damages, plaintiff

commenced the instant action against defendant, its Corporation Counsel and an Assistant Corporation Counsel for $1 million in damages, alleging such illegal and unethical practices as late service of papers, filing of false affidavits, conveying false information in ex parte conversations with the court, disobedience of court mandates, filing of false and exaggerated liens, refusal to cancel and invalidate liens, and refusal to pay debts and judgments. In 1977 the case was summarily dismissed against the Assistant Corporation Counsel and against the other two defendants to the extent that their alleged misconduct was based upon the acts of the dismissed party defendant, and any possible damages against the remaining two defendants were viewed by the court as covered by the then-pending damage action referred to above. This disposition was affirmed on appeal (*300 West Realty Co. v Dick,* 60 AD2d 1009, mot for lv to app den 45 NY2d 707). The remaining defendants thereafter moved in October, 1980 for summary dismissal of the case as against them, basically on the grounds that the dismissal of the action as against the Assistant Corporation Counsel effectively disposed of this entire complaint. The motion was granted in October, 1981, and in January, 1982 plaintiff moved for "renewal, reargument, and resettlement". The grounds for such relief are strictly limited (see *Foley v Roche,* 68 AD2d 558, 566-568). For reargument, plaintiff had to show that the court had either overlooked or misapprehended relevant facts, or misapplied controlling principles of law. The principle of law cited by plaintiff as assertedly overlooked or misapplied was section 39-a of the Lien Law, which establishes liability where a lien has been willfully exaggerated. There was no showing or finding that the court overlooked or misapplied the statute. A motion for renewal must be based upon existing material facts which were unknown to the moving party at the time of the original motion, and should be denied where the party fails to offer a valid excuse for not including the additional facts upon the original application. Plaintiff's attorney, a partner in the plaintiff entity, sought on the renewal to place before the court three decisions canceling liens in another action which he claimed had been unavailable at the time of the original motion because they had been stored in boxes pending a move of his office to new premises. But two of these decisions had been cited to the court by plaintiff in opposition on the original motion. The third was irrelevant or at best duplicative. It merely ruled that a defendant would be held in contempt unless it acted immediately to cancel emergency repair liens on the property. There was thus no basis for renewal or reconsideration of the prior motion. Nor was this a basis for resettlement of the prior grant of summary judgment, which is an express procedure (see 22 NYCRR 660.12) "designed solely to correct errors or omissions as to form, or for clarification" (*Foley v Roche, supra,* at p 566). Plaintiff in fact had a full year (October, 1980 to October, 1981) to submit this additional evidence. By his own admission, plaintiff's attorney had these documents available to him in January, 1981, and yet subsequent affidavits in opposition to the original motion, submitted in February and July of 1981 failed to make reference to these allegedly crucial items. Reconsideration of the order granting summary judgment to the remaining defendants was founded upon the "procedural morass" allegedly resulting from loss of original files. This was an abuse of discretion. No basis appears for allowing plaintiff to amend its complaint for the purpose of setting forth causes of action for prima facie tort or under section 39-a of the Lien Law. Plainly plaintiff is really seeking to recover punitive damages under some other guise, which this court has previously held to be unavailable in this case (57 AD2d 805, 806). Concur — Sandler, J. P., Silverman, Bloom, Fein and Alexander, JJ.