OPINION OF THE COURT
Gilbert Rabin, J.
This holdover proceeding is based upon respondent’s failure to execute and return an acceptance of petitioner’s offer to renew the lease.
Respondent’s sixth affirmative defense alleges that respondent was not afforded an opportunity to cure her alleged failure prior to commencement of this summary proceeding.
Emergency Tenant Protection Regulations § 2503.5 (9 NYCRR) provides in pertinent part as follows:
“2503.5 Notice for renewal of lease. On a form prescribed by the division, every landlord shall notify the tenant in occupancy not more than 90 days and not less than 60 days prior to the end of the tenant’s lease term, by certified mail, of such termination of the lease term and offer to renew the lease at the legal regulated rent permitted for such renewal lease and otherwise on the same conditions as the expiring lease and shall give such tenant a period of 30 days from the date of mailing of such notice to renew such lease and accept the offer * * * The tenant’s acceptance of such offer shall be entered on the designated part *144 of the prescribed form, and returned to the landlord by certified mail.”
Emergency Tenant Protection Regulations § 2504.2 (9NYCRR) provides, in pertinent part, as follows:
“2504.2 Proceedings for eviction — wrongful acts of tenant. An action or proceeding to recover possession of any housing accommodation shall be maintainable after service and filing of the notice required by section 2504.3 of this Part only upon one or more of the following grounds wherein wrongful acts of the tenant are established * * *
“(f) The tenant has failed or refused following notice pursuant to section 2503.5 of this Chapter to renew an expiring lease in the manner prescribed in such notice”.
Emergency Tenant Protection Regulations § 2504.3 provides, in pertinent part, as follows:
“2504.3 Notices required in proceedings under section 2504.2 of this Part, (a) Except where the ground for removal or eviction of a tenant is nonpayment of rent, no tenant shall be removed or evicted from housing accommodations by court process and no action or proceeding shall be commenced for such purpose upon any of the grounds permitted in section 2504.2 of this Part unless and until the landlord shall have given written notice to the tenant and the division as hereinafter provided * * *
“(d) Every such notice shall be served upon the tenant:
“(1) in the case of a notice based upon section 2504.2 (f) of this Part, at least 15 days prior to the date specified therein for the surrender of possession; or
“(2) in the case of a notice on any other ground, at least one month prior to the date specified therein for the surrender of possession; and, in any event, prior to the commencement of any proceeding for removal or eviction. Such notice may be combined with a notice to cure if required by section 2504.2 of this Part and, in such case, the one-month period provided herein may, if the notice so provides, include the 10-day period specified in the notice to cure.”
These three sections of the regulations govern the procedure for the offering and acceptance of an offer to renew the lease and for commencement of a summary proceeding for failure to timely renew. None of these regulations require that a notice to cure must be served prior to commencement of a summary proceeding for failure to renew. The only notice required prior to commencement of a summary proceeding is a 15-day notice to quit pursuant to section 2504.3 (d) (1), and it is noted that *145 section 2504.3 (d) (2), setting forth the requirements for notice on any ground other than failure to renew, only makes provision for treatment of a notice to cure.
The respondent relies upon Emergency Tenant Protection Regulations § 2504.1 (9 NYCRR) which provides, in pertinent part, as follows:
“2504.1 Restrictions on removal of tenant * * *
“(d) In addition to any other limitation imposed by these regulations, no proceeding to recover possession of any housing accommodation based upon any wrongful act or omission of a tenant may be maintained unless the tenant has failed to cure the violation or other condition within 10 days of written demand by the landlord for correction thereof. The requirements of this subdivision shall not apply where the violation or condition:
“(1) is, by its nature, not curable”.
This court holds that a tenant’s failure or refusal to accept an order of a renewal lease within the time period specified in Emergency Tenant Protection Regulations § 2503.5 is, by its nature, not curable. Section 2503.5 is clear and unequivocal in its language. The tenant is given 30 days in which to accept the offer of renewal. Upon failure of the tenant to accept within 30 days, the landlord may proceed to recover possession without providing to tenant a further opportunity in which to decide whether to accept a renewal offer. To require the landlord to serve a notice to cure would impermissibly extend the tenant’s time in which to accept a renewal lease beyond the 30-day period specified in section 2503.5 for acceptance.
At best, a tenant’s failure to timely accept a renewal offer may be excusable (see, e.g., 67 8th Ave. Assoc, v Hochstadt, 88 AD2d 843), but a tenant is not entitled to an opportunity to cure as a matter of right.
Accordingly, this court holds that a notice to cure is not required prior to commencement of a summary proceeding for failure to accept a renewal offer pursuant to Emergency Tenant Protection Regulations § 2503.5 (9 NYCRR), and the petitioner’s motion to strike respondent’s sixth affirmative defense is granted.
[Portions of opinion omitted for purposes of publication.]
(On Motion for Renewal, July 3, 1985)
Respondent has moved, by order to show cause, to renew and/or reargue the decision and order of this court dated March 27, 1985, and upon renewal and/or reargument to vacate the *146 prior order, reinstate the sixth affirmative defense and to grant summary judgment on the entire matter in favor of respondent.
The issue determined in the March 27, 1985 decision was whether a landlord must serve a notice to cure prior to termination of a tenancy upon the ground of the tenant’s failure to timely renew the lease. This court held that a notice to cure was not required, and granted petitioner’s cross motion to strike respondent’s sixth affirmative defense.
The distinction between a motion to reargue and a motion to renew is clear. Upon reargument, the movant must show that the court either overlooked or misapplied relevant facts or misapplied controlling principles of law. Upon renewal, the movant must show existing material facts which were unknown at the time of the original motion. (300 W. Realty Co. v City of New York, 99 AD2d 708, 709, appeal dismissed 63 NY2d 952.) “A motion to renew is made on the grounds of additional facts and law not previously considered. As such, it is not as limited as a motion to reargue, which ordinarily may not be made after the time to appeal has expired. (Matter of Huie [Furman], 20 NY2d 568, 572)”. (Prude v County of Erie, 47 AD2d 111, 113-114.)
The present motion is based upon new facts and law not presented by respondent in the original motion, and is deemed to be a motion for renewal rather than one for reargument, even though respondent’s time to appeal from the original order has expired.
The new information presented, although in existence at the time of the original motion, was not discovered by respondent’s counsel until after this court’s March 27,1985, decision. Counsel moved promptly to make this motion, and has demonstrated a valid reason for not including the new information upon the original motion. (See, e.g., 300 W. Realty Co. v City of New York, supra.)
Accordingly, respondent’s application for leave to renew the motion is granted. Upon renewal the motion is denied and the court adheres to its original decision of March 27, 1985.
Respondent relies upon the following proof in support of this renewal application:
1. Agency interpretation of Emergency Tenant Protection Regulations § 51 (4) (now 9 NYCRR 2504.1 [d]), as evidenced by a letter, dated February 21, 1984, written to Lehrman and Kronick, Esqs., by Martin A. Shlufman, Principal Attorney, Division of Housing and Community Renewal (hereinafter DHCR), in a matter unrelated to this case.
*147 This position is restated in a memorandum of law submitted by DHCR, dated May 14, 1984, in Matter of WRG Mgt. Corp. v State of New York, Div. of Hous. & Community Renewal, a CPLR article 78 proceeding brought in Supreme Court, Westchester County. The agency interpretation relied upon is that a tenant’s failure to timely renew is a “wrongful act” of the tenant which by its nature is curable, and thus requires service of a 10-day notice to cure upon termination of the tenancy.
2. A decision in Matter of WRG Mgt. Corp. v State of New York, Div. of Hous. & Community Renewal, rendered by the Honorable John C. Marbach, on July 10,1984, which holds that the agency interpretation “is not so arbitrary or irrational that the court may disturb it.”
In response, the petitioner has submitted a letter dated May 20, 1985, written by Andrew M. Hyman, Attorney, Division of Housing and Community Renewal. In this letter Mr. Hyman unequivocably states that the agency’s prior position, as stated in Mr. Shlufman’s February 21,1984 letter, was rescinded as of March 15, 1984. It also states that the agency no longer interprets the applicable regulations to require a notice to cure prior to termination of the tenancy for failure to timely accept and return a lease renewal offer.
The validity of the applicable regulation is not at issue on this motion. Nor is there any express legislative or regulatory enactment which precludes the possibility of interpretation of the regulations by the agency or by the court. The sole issue to be considered is the effect to be given to the agency’s interpretation of its own regulation.
Generally, an agency’s interpretation of its own regulations is entitled to the greatest weight (Matter of Cale Dev. Co. v Conciliation & Appeals Bd., 94 AD2d 229, 232, affd 61 NY2d 976), should be upheld if it is not irrational or unreasonable (see, Ostrer v Schenck, 41 NY2d 782,786) and should not be disturbed in the absence of weighty reasons (see, Matter of Luxenberg v Stichman, 2 AD2d 605, 607).
The Shlufman letter and the Hyman letter would be entitled to equal persuasive weight with respect to the time periods in which they apply. The Hyman letter, however, sets forth the agency interpretation that was in effect at the time that this respondent’s tenancy was terminated. It should be upheld unless it is irrational or unreasonable.
The court finds that the current agency interpretation is neither irrational nor unreasonable. A tenant is not deprived of any significant right because of the absence of a notice to cure *148 prior to termination for failure to timely accept a renewal. The absence of a notice to cure does not affect the tenant’s right or ability to assert lack of service and receipt of the renewal offer or to assert an excuse for his delay in returning the offer. These defenses may still be asserted in the summary proceeding.
Respondent has not overcome the presumption of validity which attaches to the agency’s current interpretation.
Matter of WRG Mgt. (supra), relied upon by respondent, involved an agency determination that had been made on January 31,1984. On that date the agency interpretation as stated in the Shlufman letter was the applicable interpretation. Although Judge Marbach’s decision was rendered in July 1984, it upheld an agency interpretation that was in effect on January 31, 1984 and must be read in that light.
Although the court did not base its March 27,1985 decision on agency interpretation, the court’s interpretation is in accord with current agency interpretation.
The court would suggest to DHCR that it promulgate an appropriate amendment to its regulations in accordance with its current interpretation.
Respondent has raised no factual issues requiring a hearing.
This matter should be restored to the calendar for trial on July 17, 1985 at 9:30 a.m., in Part II of this court.