■ HOME AND CITY SAVINGS BANK, Appellant, v ELIZABETH RITTER et al., Respondents. [597 NYS2d 475] —Mercure, J. Appeal from an order of the Supreme Court (Connor, J.), entered July 29, 1992 in Greene County, which denied plaintiff's motion to, *inter alia,* confirm a Referee's report of sale.

Plaintiff brought this action to foreclose a mortgage on real property situated in the Village of Coxsackie, Greene County. Ultimately, plaintiff obtained a judgment of foreclosure and sale and a foreclosure sale was conducted at the Greene

---

County Courthouse in the Village of Catskill. Plaintiff thereafter moved to confirm the Referee's report of sale. Supreme Court denied the motion on the ground that plaintiff failed to fully comply with RPAPL 231 (2) (b) by posting the notice of sale in three public places in both the Town of Coxsackie, the town in which the property is situated, and the Town of Catskill, the town in which the sale was conducted. Plaintiff appeals, contending that the posting requirement of RPAPL 231 (2) (b) does not apply when the property to be sold is situated wholly or partially within a village. We disagree and accordingly affirm.

As relevant to this appeal, RPAPL 231 (2) (a) provides for publication of the notice of sale in a newspaper published anywhere in the county in which the property is located or, if there be none, in an adjoining county unless: (1) the property is situated wholly or partly in a city or incorporated village and (2) a daily, semi-weekly or tri-weekly newspaper is published in that city or village or in an adjoining city or village. In such event, the notice is to be published in a daily, semi-weekly or tri-weekly newspaper published in such city or village or adjoining city or village, as the case may be. RPAPL 231 (2) (b) provides in relevant part that "[w]here the property is situated wholly outside a city or an incorporated village *referred to in subparagraph (a) of this subdivision,* notice of such sale shall also be given by posting a copy of the notice of sale * * * in three public places in the town in which the property is located, and, if the sale is to be held in another town or in a city, in three public places therein" (emphasis supplied).

In our view, plaintiff's interpretation of RPAPL 231 (2) (b) as exempting properties situated within cities and villages from its posting requirements renders the emphasized language a nullity and, as such, violates the fundamental canon of statutory construction that all parts of a statute are to be harmonized and given effect *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 98). "Whenever practicable, the court must give effect to all the language employed; a statute must be read so that each word therein will have a meaning and not so that one word or sentence will cancel and render meaningless another word or sentence" (McKinney's Cons Laws of NY, Book 1, Statutes § 98, at 223; *see, Matter of Albano v Kirby,* 36 NY2d 526, 530). Clearly, had the Legislature intended that no posting be required when the property is situated in a city or incorporated village, it would have said so in these or similar words. However, the qualifying language

limits the exemption from the posting requirement to properties situated wholly or partially within a city or incorporated village referred to in subdivision (2) (a), that is, in the case where publication is to take place in the city or village in which the property is situated or in an adjoining city or village. The record indicates that publication was made in a newspaper published in the Village of Catskill, which is not the village in which the property is situated. Further, and contrary to the allegation of plaintiff's brief, we take judicial notice of the fact that the Village of Catskill does not adjoin the Village of Coxsackie *(see, People v Loris,* 131 App Div 127, 129; 4 Frumer-Biskind, Bender's NY Evidence § 171.01).

Weiss, P. J., Yesawich Jr., Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.