■ KEY BANK OF NEW YORK, N. A., Appellant, v VAN DEVELOPMENT CORPORATION et al., Respondents. [619 NYS2d 835] —Casey, J. Appeal from an order of the Supreme Court (Connor, J.), entered July 28, 1993 in Greene County, which denied plaintiff's motion to confirm a Referee's report of sale and for a deficiency judgment against defendants.

A judgment of foreclosure was entered in favor of plaintiff in this mortgage foreclosure action, and a Referee was appointed to conduct a sale of the mortgaged property. Notice of the sale was properly published and posted, but the sale was conducted one day prior to the 28-day minimum required by RPAPL 231 (2) (a). When plaintiff moved to confirm the Referee's report of the sale and for a deficiency judgment, Supreme Court *sua sponte* denied the motion due to lack of compliance with the statutory 28-day minimum period. Plaintiff appeals from the order.

That the sale was conducted one day before the expiration of the 28-day minimum period required by RPAPL 231 (2) (a) is a mere irregularity, not a jurisdictional defect *(see, Marine Midland Bank v Landsdowne Mgt. Assocs.,* 193 AD2d 1091, *lv denied* 82 NY2d 656; *Associates Fin. Servs. v Davis,* 133 AD2d 601, *appeal dismissed* 71 NY2d 889, *lv denied* 72 NY2d 802; *Bolla v Blaugrund,* 14 AD2d 417, 419). A sale may be set aside for such an irregularity if a substantial right of a party was prejudiced by the defect (RPAPL 231 [6]), which was not shown here. The case of *Home & City Sav. Bank v Ritter* (192 AD2d 1037), cited by Supreme Court, does not establish that a sale may be set aside for defective notice in the absence of prejudice to a substantial right of a party. The only issue addressed by this Court in the *Home & City* case was the issue

raised by the bank's claim that the posting requirement of RPAPL 231 (2) (b) did not apply. The presence or absence of prejudice was not at issue in the *Home & City* case, but it has been raised by plaintiff in this case. We agree with plaintiff that in the absence of any prejudice to a substantial right of a party, Supreme Court erred in refusing to confirm the Referee's report of sale. Plaintiff concedes in its brief that it has waived any right it has to a deficiency judgment against defendants. Accordingly, the order should be modified so as to grant the portion of plaintiff's motion which sought to confirm the Referee's report of sale.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that portion of plaintiff's motion seeking to confirm the Referee's report of sale; motion granted to that extent; and, as so modified, affirmed.