■ In the Matter of TOWN OF POESTENKILL, Respondent, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Appellant. In the Matter of SUSAN LASCARI et al., Respondents, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Appellants. [644 NYS2d 602] —Spain, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered February 14, 1995 in Albany County, which, *inter alia*, in two proceedings pursuant to CPLR article 78, denied respondents' motion for reconsideration.

In September 1990, R. J. Valente, Inc. (hereinafter Valente, Inc.) applied to respondent Department of Environmental Conservation (hereinafter DEC) for a permit to mine gravel on 27 acres of a 115-acre parcel of land located in the Town of Poestenkill, Rensselaer County; the application was eventually granted and DEC issued the permit without requiring an environmental impact statement (hereinafter EIS). The same petitioners in the present proceeding commenced a proceeding pursuant to CPLR article 78 seeking to annul the permit. In May 1993 Supreme Court granted the petition and annulled the permit. Previously, in June 1992, Valente, Inc. modified its application, seeking approval to mine only 8.4 acres; in April 1993 DEC issued a second permit based upon the modified application. Petitioners then commenced the instant CPLR article 78 proceeding seeking to annul the second permit. The proceedings were joined and, in November 1993, Supreme Court issued a decision and judgment annulling the second permit on the ground that the court had previously ruled that the site could not be mined in the absence of an EIS. Respondents filed a notice of appeal but did not perfect their appeal; respondents also

---

moved to reargue.* Petitioners opposed respondents' motion and cross-moved for summary judgment. By judgment entered February 14, 1995, Supreme Court denied respondents' motion to reargue and denied petitioners' cross motion as moot. Respondents now appeal the February 14, 1995 judgment.

Respondents' contention that their motion was erroneously labeled a motion to reargue, asserting that it was actually a motion to renew, is belied by the record. A motion to reargue is premised upon the theory that the court has overlooked significant facts or misapplied the law in its original decision (*see, Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783; *300 W. Realty Co. v City of New York*, 99 AD2d 708, 709; *Foley v Roche*, 68 AD2d 558, 567-568). The denial of a motion to reargue is not appealable (*see, R-H-D Constr. Corp. v Miller*, 222 AD2d 802, 803; *Spa Realty Assocs. v Springs Assocs., supra*, at 783, citing *Catalogue Serv. v Insurance Co.*, 90 AD2d 838). In contrast, a motion to renew "must be based upon newly discovered evidence that was not available when the original motion was made" (*Spa Realty Assocs. v Springs Assocs., supra*, at 783; *see*, CPLR 2221). A motion to renew "must also contain the reasons the evidence was not initially presented, the material nature of the new facts and that they could not have been discovered at the prior proceeding" (*Spa Realty Assocs. v Springs Assocs., supra*, at 783; *see, Matter of Barnes v State of New York*, 159 AD2d 753, 753-754, *lv dismissed* 76 NY2d 935; *Foley v Roche, supra*, at 568; *Mully v Drayn*, 51 AD2d 660; *see also, Grassel v Albany Med. Ctr. Hosp.*, 223 AD2d 803).

Notably, in their notice of motion to reargue, respondents specifically stated that they were seeking an order "granting leave to reargue the matters raised in the pleadings". In their supporting papers respondents consistently referred to Supreme Court's misapplication of the law and misapprehension of material facts. Respondents' attempt, after having failed to perfect an appeal of the original order, to characterize their motion as a motion to renew is disingenuous. The information contained in their papers is neither relevant nor material; and that, coupled with their failure to explain why the information could not have been presented in the original moving papers, is fatal (*see, Spa Realty Assocs. v Springs Assocs., supra*, at 783). Accordingly, the appeal from the denial of respondents' motion to reargue must be dismissed.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the appeal is dismissed, with costs.

---

* Respondents include DEC, the Commissioner of Environmental Conservation and two permit administrators of DEC.