■ In the Matter of JOHN C. KEMP, Appellant-Respondent, v ROSENE B. KEMP, Respondent-Appellant. [687 NYS2d 782] —Yesawich Jr., J. Cross appeals (1) from an order of the Supreme Court (Rose, Jr., J.), entered December 3, 1997 in Tioga County, which, *inter alia*, in a proceeding pursuant to Domestic Relations Law § 245 and Judiciary Law § 756, found respondent in contempt of court and directed petitioner to pay one half of his monthly pension benefits to respondent and to convey his interest in the marital real property to respondent, and (2) from an order of said court, entered March 18, 1998 in Tioga County, which, *inter alia*, denied petitioner's cross motion for reconsideration.

These appeals stem from a Pennsylvania judgment of divorce entered in 1996 and filed in New York by petitioner in 1997. In April 1997, petitioner commenced a proceeding to have respondent held in contempt for failing to adhere to equitable distribution provisions of the decree requiring her to sign IBM stock over to petitioner, and also to return an ivory collection and various family photographs. Although that application was denied—Supreme Court deemed the Pennsylvania judgment insufficiently specific—respondent was ordered (hereinafter the first order) to comply with the judgment within 30 days, and when she neglected to do so petitioner again moved to have her held in contempt. Respondent opposed this latter motion and by cross motion attacked the Pennsylvania judgment as jurisdictionally defective; alternatively, she endeavored to have petitioner held in contempt, claiming that he had ignored his obligation, enjoined by the Pennsylvania courts, to pay her 50% of his monthly pension.

Rejecting respondent's jurisdictional challenge, Supreme Court concluded that the judgment was valid, that respondent was indeed entitled to an equal share of petitioner's pension and fined respondent $500 for contempt for failing to obey the first order; the contempt could, however, be purged. Thereafter, respondent sought an order directing petitioner to disclose the amount of his monthly pension and to pay accumulated arrears. In turn, petitioner cross-moved for "reconsideration, reargument or renewal" of Supreme Court's determination respecting the extent of respondent's entitlement to his pension. Supreme Court granted respondent's motion, directing petitioner to disclose the amount of his pension and to pay the

arrearage thereof within 30 days of respondent's fulfillment of the terms of the first order; the cross motion was denied. Petitioner and respondent each appeal.

Petitioner contends that the pension award was manifestly wrong and that, at the very least, a hearing should have been conducted to determine her right to share in his pension. We disagree. To require a hearing presupposes a defect in jurisdiction, but that premise lacks force, for the jurisdiction issue was squarely confronted and resolved by the Pennsylvania trial and appellate courts. Furthermore, petitioner acknowledged the validity of the judgment by having it recorded in New York and seeking its enforcement here. As there is no jurisdictional defect and it is a venerable and inflexible principle of law that a "decree of a sister State in which both parties were subject to personal jurisdiction in that State is entitled to full faith and credit in the courts of New York" (*Erhart v Erhart*, 226 AD2d 26, 27; *see, e.g., Pearson v Pearson*, 108 AD2d 402, 404, *appeal dismissed* 66 NY2d 915), Supreme Court quite properly implemented the judgment.

Nor are we persuaded that Supreme Court improvidently denied petitioner's cross motion for reconsideration. Viewed as a motion to reargue, its denial is not reviewable on appeal (*see, Matter of Town of Poestenkill v New York State Dept. of Envtl. Conservation*, 229 AD2d 650, 651), and viewed as a motion to renew, its denial was clearly appropriate for petitioner proffered no newly discovered evidence or evidence that was unavailable when the initial motion was made (*see, Kripke v Benedictine Hosp.*, 255 AD2d 725, 728-729).

With regard to petitioner's related claim that Supreme Court misinterpreted the Pennsylvania judgment, we note that the court not unreasonably concluded that the phrase "[respondent] also gets 50% Joint and Survivor of [petitioner's] * * * pension" referred to respondent's present right to half of petitioner's pension. Nothing, other than petitioner's conclusory assertion, supports his contention that this phrase refers only to respondent's right to share his pension upon his death.

Unconvincing also is respondent's claim that it was error for Supreme Court to hold her in contempt. To conclude that civil contempt has occurred, it must be shown that the party so charged was knowledgeable of and "disobeyed a clear, explicit and lawful order of the court and that the offending conduct prejudiced the right of the opposing party" (*Matter of Daniels v Guntert*, 256 AD2d 940, 942). It is apparent from the record that respondent failed to comply with an explicit order which obligated her to, among other things, effectuate the transfer of

IBM stock to petitioner within 30 days of being served with the order. The harm to petitioner is obvious, given that without the stock, petitioner would not benefit from its use.

And as for respondent's claim that Supreme Court failed to establish a method by which the arrears for petitioner's pension could be established and paid, that is belied by the record. We have reviewed the remainder of the parties' claims and find them to be without merit.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the orders are affirmed, without costs.