OPINION OF THE COURT
Margaret C. Reilly, J.
In view of the recent amendment of the Emergency Tenant Protection Regulations, the Court hereby vacates its earlier decision, sua sponte, and replaces it with the instant amended version.
The petitioner instituted this summary holdover proceeding against the respondent, seeking to recover possession of real property located at 27 Attorney Street, apartment 1L, Hemp- *311 stead, New York, alleging that the respondent failed to timely renew her lease, pursuant to Emergency Tenant Protection Regulations (9 NYCRR [ETPR]) § 2503.5. A hearing was held, at which time the respondent raised several procedural defects warranting dismissal of the petition.
The respondent seeks to dismiss the petition upon the grounds that: the Court lacks subject matter jurisdiction in that the landlord failed to mail the notice of eviction to the Division of Housing and Community Renewal (DHCR), pursuant to Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4) regulations; the landlord failed to serve the renewal notice by certified mail as required by ETPR § 2503.5; and the landlord restored the tenancy when it entered into a new lease agreement with the respondent and accepted rent payment.
At the hearing, the petitioner’s building superintendent testified that, on December 18, 2000, he personally delivered a set of renewal forms and instructions to the respondent. The property manager testified that the respondent returned the form on March 5, 2001, the same day petitioner served a 15-day notice of termination on the respondent.
Contrary to the superintendent’s testimony, the respondent testified that the superintendent delivered the lease renewal forms on February 23, 2001. The respondent testified that she delivered the renewal forms to the landlord’s office the following day at which time she was informed that her purported renewal was untimely. The respondent also testified that the landlord’s agent informed her that she would be evicted if she did not execute a new lease. The respondent alleged that the new lease agreement for her apartment has a vacancy rate increase of 16% over her prior rent as opposed to a 2% renewal increase if the landlord had accepted her renewal. It is uncontroverted that the petitioner accepted the lease and that the rent for the first month of the new lease term has been paid.
The Court will first address the respondent’s claim that the Court lacks subject matter jurisdiction due to petitioner’s failure to serve the agency. Respondent contends that the petitioner was required to mail a copy of the eviction notice to the DHCR, pursuant to ETPR § 2504.3 (c). The Emergency Tenant Protection Regulations were recently amended. This amendment repealed the former provision of section 2504.3 (c) and dispensed with the landlord’s obligation to file a copy of the eviction notice with the DHCR. Thus, under the current law, the petitioner is not required to file a copy of the eviction notice with DHCR.
*312 The Court will now turn to the respondent’s claim that the landlord failed to serve the renewal notice by certified mail as required by the ETPR. ETPR § 2503.5 (a) states that a “landlord shall notify the tenant in occupancy not more than 120 days and not less than 90 days prior to the end of the tenant’s lease term, by certified mail, of such termination of the lease term and offer to renew the lease at the legal regulated rent permitted for such renewal * * * and shall give such tenant a period of 60 days from the date of mailing of such notice to renew such lease.”
The petitioner contends that the renewal notice was properly served, in that ETPR § 2508.1 (a) permits notices, protests, orders and answers to be served personally or by mail. Also, petitioner offered into evidence a DHCR order, dated March 28, 1983, in Matter of Ardor Mgt. v Rosen which ruled that the landlord in that matter was within his rights to hand deliver the renewal forms as long as he gets the tenant to sign for same. Although section 2508.1 (a) of the ETPR permits notices, orders, petition for administrative review orders and answers to be served personally or by mail, section 2503.5 of the same regulation specifically prescribes the method in which a renewal notice must be served. The rules of statutory construction make this specific or particular provision applicable rather than the general provision. Moreover, the provision which the petitioner seeks to rely on deals with procedural issues relating to the agency’s administrative hearings.
Similarly, the Court also disagrees with the petitioner’s contention that the DHCR order validates a personal service of a renewal notice. Although construction given to statutes by the agency responsible for their administration should not be lightly set aside (Matter of Evans v Newman, 100 Misc 2d 207 [Sup Ct 1979]), where an agency under the guise of administering the statute ascribed a different or unreasonable meaning to its terms, the judiciary need not accord any deference to the agency’s determination (see, Matter of Ward v Nyquist, 43 NY2d 57 [1977]; see also, Matter of Eastern Pork Co. v New York State Div. of Hous. & Community Renewal, 187 AD2d 320 [1st Dept 1992]). Inasmuch as the language of the applicable statute regarding service of a renewal notice is clear, the Court will deem service in any other manner inappropriate. Moreover, the respondent in this case alleges that the renewal notice was not timely served and disputes the alleged date of service. Petitioner, on its part, alleges that the renewal notice was timely served. In support of its claims, petitioner submits an *313 “acceptance form” which was allegedly signed by the respondent. The petitioner, however, acknowledges that said “acceptance form” was dated by its agent and not the respondent. Consequently, the Court will not credit the petitioner’s claim that the respondent was timely served.
Petitioner further argued that the respondent did not “cure” its wrongful act of failing to renew the lease because that violation, by its nature, is not curable. The petitioner thus contends that any purported renewal by the respondent is ineffectual The Court disagrees. Prior to the amendment of the Emergency Tenant Protection Regulations, the Court held that a tenant’s failure or refusal to accept an order of a renewal lease within the time period specified by law is not, by its nature, curable (see, Carriage House Realty Co. v Conlon, 128 Misc 2d 143 [Yonkers City Ct 1985]). The Court based its reasoning on the equivocal language in ETPR § 2503.5. The Court’s reasoning in Carriage House v Conlon (supra) cannot be supported in view of the recent enactment of ETPR § 2503.5 (b) (2). This section states that “[w]here the tenant fails to timely renew an expiring lease or rental agreement * * * and remains in occupancy after the expiration of the lease, such lease or rental agreement may be deemed to have been renewed upon the same terms and conditions, at the legal regulated rent.” The implication of this provision is that a default occasioned by a tenant’s failure to timely renew a lease can be effectively cured where the tenant remains in occupancy and continues to pay the applicable rent.
In any event, respondent does not allege that she renewed her lease. Rather, she contends that she executed a new lease agreement with the petitioner. The petitioner’s agent acknowledged that a lease is now in effect. The petitioner does not refute the respondent’s claim that the rent payable under the new lease is indexed at a higher rate than would have been applicable if the lease were merely a renewal. Thus, even assuming that the renewal notice was served in accordance with the applicable statute, petitioner’s subsequent decision to execute a new lease agreement with the respondent would no doubt have precluded the Court from granting the petitioner’s motion to evict the tenant under the subject lease.
In view of the foregoing, the Court is constrained to dismiss the instant holdover proceeding.