■ CHASE MANHATTAN BANK, Formerly Known as CHEMICAL BANK, Successor by Merger to CHASE MANHATTAN BANK, N.A. and CHASE LINCOLN FIRST BANK A NATIONAL BANKING ASSOCIATION, Respondent, v JOAN HARRIS, Also Known as JOAN HARRIS RONDEAU, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. MERRIMACK MUTUAL FIRE INSURANCE COMPANY, Third-Party Defendant-Respondent. [768 NYS2d 401]—

Kane, J. Appeals (1) from an order of the Supreme Court (Nolan, Jr., J.), entered January 10, 2002 in Albany County, which denied defendant Joan Harris's motion to reargue, (2) from an order of said court, entered November 20, 2002 in Albany County, which granted plaintiff's motion for, inter alia, a deficiency judgment, and (3) from the judgment entered thereon.

In September 1999, a fire occurred in the basement of a three-family residential apartment building located at 123 Morris Street in the City of Albany. At that time, defendant Joan Harris owned the property, subject to a mortgage held by plaintiff. Harris submitted a claim for the damage caused by the fire under an insurance policy issued by third-party defendant, Merrimack Mutual Fire Insurance Company. After conducting an investigation, Merrimack, in August 2000, rejected all of Harris's claims based upon her willful failure to provide relevant and necessary information as required by the terms of the policy.

Following the fire, Harris ceased making mortgage payments to plaintiff, resulting in the commencement of this foreclosure action. Supreme Court granted summary judgment to plaintiff and issued a judgment of foreclosure and sale. Plaintiff purchased the property at the April 2002 judicial foreclosure sale and thereafter successfully moved for confirmation of the sale of the property and a deficiency judgment against Harris.

Harris then commenced a third-party action against Merrimack for breach of contract seeking indemnification for losses sustained as a result of the denial of her insurance claim. Supreme Court granted summary judgment to Merrimack dismissing the third-party action and, thereafter, denied Harris's subsequent motion to reargue. Harris now appeals from the order denying her motion to reargue, as well as Supreme

Court's prior order granting plaintiff's motion for a deficiency judgment and the judgment entered thereon.

The denial of a motion to reargue is not appealable (*see Tittman v Rappaport*, 287 AD2d 709, 710 [2001]; *Matter of Town of Poestenkill v New York State Dept. of Envtl. Conservation*, 229 AD2d 650, 651 [1996]). Harris's attempt—after failing to perfect an appeal of the original order granting summary judgment to Merrimack—to now characterize her motion as an appealable motion to renew is rejected inasmuch as her motion contained no new facts which were unavailable to her on the original motion (*see Ault v Richman*, 299 AD2d 613, 615 [2002]; *Matter of Kemp v Kemp*, 260 AD2d 781, 782 [1999]; *Matter of Town of Poestenkill v New York State Dept. of Envtl. Conservation, supra* at 651; *Spa Realty Assoc. v Springs Assoc.*, 213 AD2d 781, 783 [1995]). Consequently, the appeal from that order must be dismissed.

We turn to Harris's appeal from the order confirming the sale and establishing the deficiency against Harris and the deficiency judgment entered thereon. The record supports Supreme Court's finding that plaintiff complied with statutory notice and advertising requirements (*see* RPAPL 231 [2] [a], [b]; *Guardian Fed. Sav. & Loan Assn. v Horse-Hawk Holding Corp.*, 72 AD2d 737, 737-738 [1979]). Although Harris speculates that several postponements of the sale confused bidders and adversely affected the sale, she has failed to demonstrate any actual prejudice and, absent such a showing, a judicial sale will not be set aside (*see Key Bank of N.Y. v Van Dev. Corp.*, 210 AD2d 655, 656 [1994]; *Marine Midland Bank v Landsdowne Mgt. Assoc.*, 193 AD2d 1091, 1092 [1993], *lv denied* 82 NY2d 656 [1993]; *Hanover Funding Co. v Keri Assoc.*, 180 AD2d 945, 946 [1992]).

Harris's remaining contention, that plaintiff was obligated to take action to recover benefits under the insurance policy issued by Merrimack prior to seeking a deficiency judgment against Harris, raises an issue which has previously been considered and rejected by this Court (*see Crossland Mtge. Corp. v Douglas*, 271 AD2d 933, 934 [2000]).

Cardona, P.J., Peters and Carpinello, JJ., concur. Ordered that the appeal from the order entered January 10, 2002 is dismissed. Ordered that the order entered November 20, 2002 and the judgment are affirmed, with costs.