In an action to foreclose a mortgage, the defendants Pine Tree Developments, LLC, Sarachel Developments, Ltd., and Patrick A. Curtis appeal, as limited by their brief, from so much of. (1) an amended order and judgment (one paper) of the Supreme Court, Suffolk County (Jones, Jr., J.), entered IVlay 8, 2012, as granted those branches of the plaintiffs motion which were to confirm one of two reports of a referee, both dated October. 12, 2011, and for leave to enter a deficiency judgment against them in the principal sum of $374,913.24, and is in favor of the plaintiff and against them in the principal sum of $374,913.24, and (2) an order of the same court dated October 10, 2012, as denied that branch of their motion which was to vacate the provision in the order and judgment which was in favor of the plaintiff and against them in the principal sum of $374,913.24 and, upon renewal, adhered to the determinations in the amended order and judgment entered IVlay 8, 2012, granting those branches of the plaintiff’s motion which were to confirm the subject referee’s report and for leave to enter a deficiency judgment against them in the principal sum of $374,913.24.
Ordered that the amended order and judgment and the order are affirmed insofar as appealed from, with one bill of costs.
In this mortgage foreclosure action, a judgment of foreclosure *984 and sale was entered with respect to the two subject parcels of real property directing, inter alia, that they be sold and that the proceeds be applied to pay off the underlying debt until the underlying debt was satisfied. The judgment of foreclosure further provided that if the proceeds of the sales were insufficient to satisfy the debt, the plaintiff was authorized to secure a deficiency judgment against the mortgage debtors pursuant to RPAPL 1371. After the two parcels were sold, a referee filed two reports of sale pursuant to RPAPL 1355, one as to each parcel of real property. Thereafter, the plaintiff moved to confirm the referee’s two reports of sale and for leave to enter a deficiency judgment against the defendants Pine Tree Developments, LLC, Sarachel Developments, Ltd., and Patrick A. Curtis (hereinafter collectively the debtor defendants) in the principal sum of $374,913.24. In an amended order and judgment entered May 8, 2012, the Supreme Court, among other things, granted those branches of the plaintiffs motion and awarded the plaintiff the principal sum of $374,913.24 against the debtor defendants.
On appeal, the defendants contend, among other things, that the Supreme Court erred in granting those branches of the plaintiffs motion which were to confirm one of the two reports of sale and for leave to enter a deficiency judgment against them, alleging that the plaintiff submitted false statements and misstatements of fact to the court. Contrary to the defendants’ contentions, the Supreme Court properly granted the subject branches of the plaintiffs motion, as the alleged irregularities were not jurisdictional and did not prejudice a “substantial right of a party” (Key Bank of N.Y. v Van Dev. Corp., 210 AD2d 655, 655 [1994]; see Chase Manhattan Bank v Harris, 2 AD3d 999, 1000 [2003]; Key Corporate Capital v Lindo, 304 AD2d 620 [2003]; Amresco New England II v Denino, 283 AD2d 599 [2001]; see also Mortgage Elec. Registration Sys., Inc. v Schotter, 50 AD3d 983, 984 [2008]).
Moreover, upon renewal (see CPLR 2221 [e]), the Supreme Court properly adhered to its determination granting the subject branches of the plaintiffs motion. The new facts offered by the defendants did not warrant a determination different from the initial determination.
Rivera, J.P, Dickerson, Leventhal and Hinds-Radix, JJ., concur.