Sjogren v Land Assoc., LLC (2024 NY Slip Op 00009)

Sjogren v Land Assoc., LLC

2024 NY Slip Op 00009

Decided on January 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 4, 2024

535897
[*1]Wade R. Sjogren et al., Appellants,
v
Land Associates, LLC, et al., Respondents, et al., Defendants. (And a Third-Party Action.)

Calendar Date:November 15, 2023

Before:Lynch, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Lex Nova Law, LLC, Marlton, New Jersey (Darren H. Goldstein of counsel) and Farer Law Firm, PC, Albany (Steven D. Farer of counsel), for appellants.
Breedlove & Noll LLP, Queensbury (Brian H. Breedlove of counsel), for respondents.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (James E. Walsh, J.), entered July 18, 2022 in Saratoga County, which, among other things, denied plaintiffs' motion for summary judgment.
Plaintiffs are the mortgagees on a bond and mortgage securing several parcels of real property in the Towns of Northumberland, Wilton, Halfmoon, Stillwater and Malta, Saratoga County. Defendant Land Associates, LLC is the owner of the real property and mortgagor of said bond and mortgage, with the remaining defendants being named as having a potential interest in or claim to the property. The bond and mortgage, dated June 23, 2009, is the product of the 2009 settlement of litigation entered into by, among others, plaintiffs and Land Associates, which was placed on the record in the Superior Court of New Jersey Chancery Division, Ocean County in that same year. There followed extensive postsettlement litigation involving the courts in both New Jersey and Florida. The New Jersey court entered an order and final judgment incorporating the terms of the settlement in 2016 and the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida issued final summary judgment in 2018. The order and judgments were duly filed with the Saratoga County Clerk. In December 2016, plaintiffs commenced this foreclosure action and filed a notice of pendency with respect to the named properties. Defendants joined issue asserting several affirmative defenses and counterclaims.[FN1] Eventually, plaintiffs filed a summary judgment motion in the foreclosure action. Defendants opposed the motion and cross-moved to dismiss the complaint or, alternatively, compel discovery. Supreme Court denied the motions, finding, as relevant here, that plaintiffs' failure to respond to discovery hindered defendants from raising an issue of fact, and that issues of fact remained as to whether the settlement is self-effectuating, whether the timing of the filing of the notice of pendency impaired the premises in question and whether the parties in the present action who were not parties in the prior action were bound by the settlement. Plaintiffs appeal.
Plaintiffs first contend that Supreme Court erred in failing to accord the New Jersey order and judgment full faith and credit. We agree. "[T]he Full Faith and Credit Clause requires . . . that a court provide a foreign judgment with the same credit, validity, and effect that it would have in the state that pronounced it" (Boudreaux v State of La., Dept. of Transp., 11 NY3d 321, 325 [2008], cert denied 557 US 936 [2009]). "The doctrine establishes a rule of evidence, . . . which requires recognition of the foreign judgment as proof of the prior-out-of-State litigation and gives it res judicata effect, thus avoiding relitigation of issues in one State which have already been decided in another" (Matter of Farmland Dairies v Barber, 65 NY2d 51, 55 [1985] [citations omitted]).
It is undisputed that plaintiffs duly filed the 2016 order and final judgment [*2]of the Superior Court of New Jersey, Chancery Division, Ocean County, in the Saratoga County Clerk's office. That order and judgment specifically states that it is "intended that this in personam order is entitled to full faith and credit, Wade Sjogren and Walter Sjogren Jr. may enforce this judgment in the State of New York, pursuant to the laws of that State." It further contains a provision that Land Associates will pay plaintiffs $2.5 million at an interest rate of 4%, said interest to accrue as of 2009 and that this sum will be secured by a first mortgage on all Land Associates property. Finally, the order clearly provides that while plaintiffs may enforce the order and judgment in New York, the New Jersey court retains jurisdiction over any further disputes regarding the merits of the order and judgment.
"A judgment rendered by a court of a sister State is accorded 'the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced' " (All Terrain Props. v Hoy, 265 AD2d 87, 91 [1st Dept 2000], quoting Hampton v M'Connel, 3 Wheat [16 US] 234, 235 [1818]; accord Mortgage Money Unlimited v Schaffer, 1 AD3d 773, 774 [3d Dept 2003]).Our review of the foreign judgment at issue is "limited to determining whether the rendering court had jurisdiction" (Fiore v Oakwood Plaza Shopping Ctr., 78 NY2d 572, 577 [1991], cert denied 506 US 823 [1992]; see Mortgage Money Unlimited v Schaffer, 1 AD3d at 774). It is undisputed that the New Jersey court had jurisdiction as the defendants [FN2] appeared in the action and vigorously litigated the matter for years, thus, "inquiry into the merits of the underlying dispute is foreclosed" (Fiore v Oakwood Plaza Shopping Ctr., 78 NY2d at 577) and "the merits of [the] judgment of a sister state may not be collaterally attacked" (Cadle Co. v Tri-Angle Assoc., 18 AD3d 100, 103 [1st Dept 2005]). Accordingly, a "decree of a sister [s]tate in which [the] parties were subject to personal jurisdiction in that [s]tate is entitled to full faith and credit in the courts of New York" (Matter of Kemp v Kemp, 260 AD2d 781, 782 [3d Dept 1999] [internal quotation marks and citation omitted]).
Plaintiffs next contend that Supreme Court erred in determining that there were issues of fact regarding whether the "timing" of the filing of the notice of pendency hindered defendants' ability to sell the mortgaged property. We agree. "A notice of pendency may be filed in any action in a court of the state . . . in which the judgment demanded would affect the title to, incumbrance of, or the possession, use or enjoyment of, real property" (CPLR 6501 [a]). The purpose of a notice of pendency is to put defendants and the world on notice of the full scope of the rights claimed by plaintiffs to defendants' real property. As this mortgage foreclosure action affects the title to, use and enjoyment of real property, it was properly filed commensurate with the foreclosure action (see RL 900 [*3]Park, LLC v Ender, 2021 WL 738705, *10-11, 2021 US Dist LEXIS 35469, *29-31 [SD NY, Feb. 25, 2021, No. 1:18-cv-12121 (MKV)]).
We agree with plaintiffs that Supreme Court erred in denying their motion for summary judgment. When all is said and done, this is a foreclosure action. "In order to establish entitlement to summary judgment in a foreclosure action, a plaintiff must produce evidence of the mortgage and unpaid note along with proof of the mortgagor's default" (Wilmington Sav. Fund Socy., FSB v LaFrate, 215 AD3d 1023, 1024 [3d Dept 2023] [internal quotation marks and citations omitted]; see Bayview Loan Servicing, LLC v Freyer, 192 AD3d 1421, 1422 [3d Dept 2021]). Here, plaintiffs' submissions of the bond and mortgage and the affidavit of plaintiff Wade R. Sjogren as to defendants' default established plaintiffs' prima facie entitlement to summary judgment (see U.S. Bank N.A. v Ioannides, 192 AD3d 1405, 1408 [3d Dept 2021]; Charter One Bank, FSB v Leone, 45 AD3d 958, 959 [3d Dept 2007]). Defendants not only failed to raise a material issue with respect to payment, they conceded at oral argument that no payment had been made.
Finally, there was no basis for Supreme Court's determination that plaintiffs' failure to comply with discovery demands affected defendants' ability to raise issues of fact. "Although a motion for summary judgment may be opposed with the claim that facts essential to justify opposition may exist but that such material facts are within the exclusive knowledge and possession of the moving party, the party opposing the motion must make an evidentiary showing to support that conclusion" (Calcagno v Graziano, 200 AD3d 1248, 1251 [3d Dept 2021] [internal quotation marks, emphasis and citations omitted]; see Ivory Dev., LLC v Roe, 135 AD3d 1216, 1223-1224 [3d Dept 2016]). Here, defendants failed to make the requisite evidentiary showing, offering nothing more than conclusory assertions that further discovery is needed. Further, defendants failed to show that plaintiffs had exclusive knowledge of the facts, as defendants were parties to and actively participated in the New Jersey and Florida litigation that resulted in the production and execution of the bond and mortgage (see Bailey v Dimick, 129 AD3d 1165, 1167 [3d Dept 2015]; 2 N. St. Corp. v Getty Saugerties Corp., 68 AD3d 1392, 1396 [3d Dept 2009], lv denied 14 NY3d 706 [2010]). Accordingly, Supreme Court erred in denying plaintiffs' motion for summary judgment as a matter of law (see Federal Natl. Mtge. Assn. v Johnson, 177 AD3d 1149, 1151 [3d Dept 2019]). To the extent that any of plaintiffs' and defendants' arguments have not been addressed herein, they have been reviewed and determined to be without merit.
Lynch, J.P., Pritzker, McShan and Powers, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to plaintiffs and matter remitted to the Supreme Court for the appointment of a referee to compute the amount [*4]due plaintiffs.

Footnotes

Footnote 1: In February 2017, certain defendants commenced a third-party action which is not subject to this appeal.

Footnote 2: Blethen Mining Associates, P.C. was not a party in either the New Jersey or Florida actions. It was named in the foreclosure action for its leasehold interest in the real property. However, the lease was terminated in 2018.