OPINION OF THE COURT
Memorandum.
Final judgment affirmed, without costs.
Although the petitioner may terminate a tenancy and not have to offer proof of the fact underlying the reason for the termination (New York City Housing Auth. v Paris, NYLJ, Jan. 8, 1971, p 19, col 7 [App Term, 2d Dept]; New York City Housing Auth. v Gantt, 57 Misc 2d 447 [and cases cited therein]), it must establish that it terminated on a ground authorized by statute or regulation under which the housing accommodations are administered and that procedural safeguards were properly followed (Escalera v New York City Housing Auth., 425 F2d 853; Matter of Vinson v Greenburgh Housing Auth., 29 AD2d 338, affd 27 NY2d 675). In the case at bar, the basis for the termination (9 NYCRR 1627-6.3 [a] [8]) was set forth and the petitioner *887 established that proper notification was given to the tenant. That the policy in question was not in writing does not prevent the petitioner from enforcing it. Any challenge to that policy has to come either as an administrative one or, that being exhausted, through a CPLR article 78 proceeding. We conclude that the actions of the Authority were proper and the determination of the court should be affirmed.
All concur.
Farley, P. J., Slifkin and DiPaola, JJ., concur.