■ In the Matter of GWENDOLYN WESLEY, Petitioner, v EMANUEL POPOLIZIO, as Chairman of the New York City Housing Authority, Respondent.—Determination of the respondent New York City Housing Authority dated December 12, 1990, which terminated petitioner's tenancy upon the ground of nondesirability, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County, David B. Saxe, J., dated April 16, 1991), is dismissed, without costs.

Substantial evidence, which may consist of hearsay *(People ex rel. Vega v Smith,* 66 NY2d 130, 139), supports respondent's finding that petitioner's husband possessed and sold cocaine in the apartment they shared as cotenants.

In arguing that it is an abuse of discretion for respondent to evict her and her children notwithstanding that her husband has permanently moved out of the apartment, petitioner miscontrues paragraph 6 (d) of respondent's Termination of Tenancy Procedures, which applies only where the nondesirable acts are committed by persons "other than the tenant", not where, as here, the offender himself was a "tenant" and not merely a member of the tenant's household. In any event, petitioner's testimony concerning her husband's absence from the apartment was undermined on cross-examination, and such evidence as there was did not show where the husband was actually residing at the time of the hearing, as required by paragraph 6 (d). Nor is there merit to petitioner's contention that she is entitled to a lease under respondent's Management Manual as a "remaining family member". That term does not include petitioner, who, because she is a "lessee or remaining head of household of [the] tenant family", is defined as a "tenant" under the Management Manual. Concur—Carro, J. P., Milonas, Rosenberger and Asch, JJ.