◼ 923 FIFTH AVENUE ASSOCIATES, Appellant, v ESTELLE EISENBERG, Respondent. [595 NYS2d 435] —Order, Appellate Term, First Department (Ostrau, P. J., Riccobono and Miller, JJ.), entered June 28, 1991, which reversed a judgment of the Civil Court, New York County (Howard Malatzky, H.J.), entered October 3, 1990, which, upon a nonjury verdict, *inter alia,* granted the petitioner's holdover petition, subject to the respondent's right to cure, unanimously reversed, on the law, the judgment of the Civil Court is reinstated, and the matter is remitted to the Civil Court for the respondent to comply with the conditions imposed by said court, without costs.

The petitioner, owner of condominium units located at 923 Fifth Avenue, brought this holdover petition seeking to evict the respondent, a rent stabilized tenant of the building, pursuant to Rent Stabilization Code (9 NYCRR) § 2524.3 (f) on the ground that the tenant failed to renew her expiring rent stabilized lease.

Appellate Term erred in considering matter pertaining to a New York State Division of Housing and Community Renewal

overcharge proceeding in reaching its determination, since the court had granted the petitioner's motion to strike references to such proceeding from the record submitted by the respondent on appeal (see, Chimarios v Duhl, 152 AD2d 508; Recovery Consultants v Shih-Hsieh, 141 AD2d 272; Gintell v Coleman, 136 AD2d 515).

The petitioner's unrebutted evidence at trial established that the respondent failed to renew her lease. Accordingly, pursuant to section 2524.3 of the Rent Stabilization Code, the petitioner properly sought to evict her. The defenses raised by the respondent on appeal were neither pleaded nor proved at trial. Accordingly, the judgment of the Civil Court is reinstated.

We have considered the respondent's remaining contentions and find them unpreserved for our review and/or without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Ross, JJ.