OPINION OF THE COURT
Memorandum.
Final judgment unanimously modified by providing that tenant is granted a 10-day stay to correct the breach and, as so modified, affirmed without costs.
*129 In 134-38 Maple Realty Corp. v Nelson (NYLJ, Mar. 12, 1993, at 33, col 1) and Malik v Uribe (NYLJ, Feb. 3, 1994, at 27, col 4) this court ruled that the 10-day cure period provided by RPAPL 753 (4) is not available when a holdover proceeding is based upon a failure to sign a renewal lease. The court reasoned that RPAPL 753 (4) is by its terms applicable only when a proceeding is based on a breach of the lease and that a tenant’s failure to sign a renewal lease, although denominated a "wrongful act” by the Rent Stabilization Code (9 NYCRR 2524.3), does not constitute a breach of the lease.
Upon further consideration and in light of several recent cases, it is now our view that the cure period provided by RPAPL 753 (4) is applicable in holdover proceedings based upon a tenant’s failure to sign a renewal lease. .
In both Nestor v McDowell (81 NY2d 410, 414) and Post v 120 E. End Ave. Corp. (62 NY2d 19, 24) the Court of Appeals stated that RPAPL 753 (4) is " 'remedial in nature and * * * should be liberally construed to spread its beneficial effects as widely as possible’ ”.
In Eaton v New York City Conciliation & Appeals Bd. (56 NY2d 340), the Court of Appeals remitted to Special Term the question whether a landlord’s refusal to offer a renewal lease as required by the Rent Stabilization Code constituted a failure to perform a covenant of the lease so as to justify an award of attorney’s fees to a tenant pursuant to section 234 of the Real Property Law. Upon remittitur, the Supreme Court (Greenfield, J.) held that landlord’s breach of a duty imposed by the Code did constitute a breach of the lease because the provisions of the Code form an implied covenant of the lease (Nesbitt v New York City Conciliation & Appeals Bd., 121 Misc 2d 336, 339; see also, 119 Fifth Ave. Corp. v Berkhout, 134 Misc 2d 963, 966, amended on reconsideration 135 Misc 2d 773; Msibi v JRD Mgt. Corp., 154 Misc 2d 293). By analogy, a tenant’s refusal to sign a renewal lease may similarly be considered a breach of the lease so as to bring the case within the broad remedial ambit of RPAPL 753 (4).
Moreover, the Appellate Division, First Department, has recently applied the statutory 10-day cure period of RPAPL 753 (4) in a case based on the refusal to sign a renewal lease (923 Fifth Ave. Assocs. v Eisenberg, 191 AD2d 396). Inasmuch as neither the Court of Appeals nor the Appellate Division, *130 Second Department, has pronounced a contrary rule, this court is bound by this decision (see, Mountain View Coach Lines v Storms, 102 AD2d 663).
Kassoff, P. J., Aronin and Chetta, JJ., concur.