■ In the Matter of MARY ANN TURNER, Petitioner, v RUBEN FRANCO, as Chair of the New York City Housing Authority, et al., Respondents. [655 NYS2d 935] —Determination of respondent New York City Housing Authority dated February 7, 1995, which terminated petitioner's tenancy on the ground of nondesirability, unanimously modified, on the facts, to vacate the penalty of termination and remand the matter to respondent for imposition of a lesser penalty, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Diane Lebedeff, J.], entered February 13, 1996), is otherwise disposed of by confirming the remainder of the determination, without costs.

Substantial evidence supports respondent's findings. However, the penalty of dismissal shocks our sense of fairness, inasmuch as petitioner, who had lived in the apartment for approximately 13 years at the time of the hearing, has been a long-time patient at a psychiatric hospital under treatment for long-term chronic schizophrenia, paranoid type, for which she takes two medications, and which, according to her psychiatrist, renders her delusional and unable to live in a homeless shelter or other group environment; petitioner's son, Timothy, now living in the apartment with respondent's permission, is also a psychiatric patient suffering from the same ailment; and there is no evidence that either petitioner or Timothy committed any other nondesirable acts before or after this incident (see, Matter of Cheek v Hernandez-Pinero, 198 AD2d 106, lv denied 84 NY2d 801; Matter of Dickerson v Popolizio, 168 AD2d 336). We have considered petitioner's other claims and find them to be without merit. Concur—Ellerin, J. P., Wallach, Williams and Mazzarelli, JJ.