■ 6 GREENE STREET ASSOCIATES L. L. C., Respondent, v EDWARD ROBBINS, Appellant, et al., Defendants. [681 NYS2d 530] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered March 30, 1998, which, in an action for ejectment, insofar as appealed from, granted plaintiff landlord's motion for use and occupancy in the amount of $2,500 a month from the date the action was commenced, and denied defendant tenants' cross motion for summary judgment dismissing the complaint, unanimously modified, on the law and the facts, to vacate the award of $2,500 a month, award use and occupancy in the amount of the current regulated rent for the unit in question and remand for a determination of such current regulated rent, and otherwise affirmed, without costs.

Use and occupancy should not be for more than the regulated rent because, plaintiff landlord having filed the requisite certificate of occupancy pursuant to Multiple Dwelling Law § 286 and otherwise "legalized" this loft building pursuant to article

7-C of the Multiple Dwelling Law, defendant tenants are protected by the Rent Stabilization Law (Multiple Dwelling Law § 286 [3], [13]; *see, Axelrod v French*, 148 Misc 2d 42). The tenants' refusal to execute what was the first, authorized rent stabilized lease offered by the landlord constituted a ground for commencing eviction proceedings (*cf.*, Rent Stabilization Code [9 NYCRR] § 2524.3 [f]; *923 Fifth Ave. Assocs. v Eisenberg*, 191 AD2d 396, *appeal dismissed* 82 NY2d 802), without need for first serving a notice to cure (*see, Childress v Lipkis*, 72 AD2d 724; *Carriage House Realty Co. v Conlon*, 128 Misc 2d 143). While an issue of fact exists as to whether the landlord waived its right to recover possession by allowing the tenants to remain in occupancy without a written lease while continuing to accept rent at the registered rate for nearly 18 months before seeking to terminate the tenancy (*see, Lee v Wright*, 108 AD2d 678), the issue appears to be of little consequence, if not entirely academic, since any right of possession by the landlord would in any event be subject to the tenants' right to cure pursuant to RPAPL 753 (4) (*see, 923 Fifth Ave. Assocs. v Eisenberg, supra; accord, Fairbanks Gardens Co. v Gandhi*, 168 Misc 2d 128, *affd* 244 AD2d 315; *cf., 67 8th Ave. Assocs. v Hochstadt*, 88 AD2d 843). Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.