■ In the Matter of LARRY POWELL et al., Petitioners, v RUBEN FRANCO et al., Respondents. [684 NYS2d 226] —Determination of respondent New York City Housing Authority, dated November 6, 1996, which required the permanent exclusion of petitioners' son, Kenneth, as a condition of their continued occupancy in public housing, unanimously modified, on the facts, to vacate the penalty and remand the matter for imposition of a lesser

penalty, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [William Leibovitz, J.], entered October 31, 1997) is otherwise disposed of by confirming the remainder of the determination, without costs.

Respondents' determination regarding charges numbered one through three is supported by substantial evidence (*300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 180). Petitioners did not contest that their son had been arrested on project grounds, after being observed in hand-to-hand exchanges with various individuals and found in possession of what the arresting officer believed was crack. However, the record demonstrates that petitioners have a long and commendable record as Housing Authority tenants and that the subject incident, involving their son, Kenneth, was an isolated and apparently aberrant episode in an otherwise stable and law-abiding family. Moreover, Kenneth, as a consequence of his arrest on project grounds, ultimately pleaded guilty not to drug possession or sale, but to disorderly conduct, and successfully completed a sentence for that offense of five days of community service. Under these circumstances, we find the penalty of petitioners' conditional exclusion from public housing shocking to our sense of fairness and remand the matter for imposition of a lesser penalty (*see*, *Matter of Turner v Franco*, 237 AD2d 225; *Matter of Cheek v Hernandez-Pinero*, 198 AD2d 106, *lv denied* 84 NY2d 801). Concur—Ellerin, J. P., Nardelli, Wallach and Rubin, JJ.