OPINION OF THE COURT
Memorandum.
Order insofar as appealed from reversed without costs and motion denied.
In our view, the 10-day-cure period of RPAPL 753 (4) is not available in holdover proceedings brought by the New York City Housing Authority following an administrative adjudication that the tenant is ineligible for continued occupancy. These holdover proceedings are not based on “a claim that the tenant or lessee has breached a provision of the lease” (RPAPL 753 [4]) but upon a 30-day notice terminating the tenant’s month-to-month tenancy. It is true that public housing tenants have a right to continued occupancy and that they may be evicted only for good cause (see, Matter of Vinson v Greenburgh Hous. Auth., 29 AD2d 338, affd 27 NY2d 675; cf., Hudsonview Terrace v Maury, 100 Misc 2d 331). However, the adjudication that tenant is no longer eligible for continued occupancy and that good cause to evict exists is made by the Authority in the exercise of its adjudicatory authority and in conformance with procedures adopted pursuant to Federal consent decrees. These procedures are designed to ensure that the terminations are predicated on proper grounds and that tenants are afforded due process and ample opportunities to cure (see, Escalera v New York City Hous. Auth., 425 F2d 853, cert denied 400 US 853; Tyson v New York City Hous. Auth., 369 F Supp 513 [SD NY]; Randolph v New York City Hous. Auth., 74 Civ 1856 [SD NY]). Thus, while it is an element of the Authority’s case to prove its allegation that the tenancy is month-to-month and that the tenant is no longer entitled to continued occupancy (cf., Sanchez v Vierra, NYLJ, Nov. 12, 1997, at 29, col 5 [App Term, 2d & 11th Jud Dists]), this element is established when landlord introduces proof of the administrative adjudication and shows that it terminated tenant’s right to continued occupancy on a ground authorized by its regulations (cf., Mount Vernon Hous. Auth. v Jordan, 124 Misc 2d 886). Once this element is established, all the Authority need show is that the tenant’s month-to-month tenancy was properly terminated. *824 Because the proceeding is properly based only on a 30-day notice, RPAPL 753 (4) is not applicable.
The 10-day cure period of RPAPL 753 (4) is designed to provide tenants with an opportunity to cure immediately following the determination that they are in breach of the lease. Because, in the Authority’s case, the adjudication of a breach is made at the administrative level, the only appropriate cure provisions are those which are afforded tenants by the Authority’s regulations pursuant to the Tyson!Randolph consent decrees. No infirmity in these procedures has been shown such as would justify the judicial extension of RPAPL 753 (4) to include these holdover proceedings. If tenant’s counsel nevertheless believes that the opportunities to cure provided for in the consent decrees are not adequate the proper remedy would be to seek to modify these decrees.