Patterson, J.,
dissents and votes to affirm in the following memorandum. In my view, the court below properly granted an order permanently staying the issuance of a warrant of eviction. RPAPL 753 (4) expressly provides: “In the event that such proceeding is based upon a claim that the tenant or lessee has breached a provision of the lease, the court shall grant a ten day stay of issuance of the warrant, during which time the respondent may correct such breach.” In Nestor v McDowell (81 NY2d 410, 414), the Court of Appeals, in determining whether this provision applied to Supreme Court actions, held that it “is a basic tenet of statutory construction that ‘the mischief to be corrected’ and the spirit and purpose of the statute must be considered”. RPAPL 753 (4) is procedural and remedial in nature and should be liberally construed to spread its beneficial effects as widely as possible. The statute was enacted to permit tenants to remain in possession by curing the violation after the rights of the parties have been adjudicated.
In the instant case, it is true, as the majority holds, that the rights of the tenant have been adjudicated in an administrative proceeding pursuant to the tenets of Escalera v New York City Hous. Auth. (425 F2d 853, cert denied 400 US 853). However, a New York City Housing Authority tenant should be afforded the same right to cure that any other tenant in this city possesses. The distinction relied upon by the majority is artificial and incorporates a restrictive construction of the statute.
The proceeding commenced against Mary Williams was based on a breach of a provision of her lease and merely *825 because the notice of termination is labeled a 30-day notice to vacate does not change its nature.
In this case, the proceeding was commenced in April 1996. The underlying determination of status for continued occupancy was issued in April 1994 based on incidents of undesirability of the respondent’s adult children, none of whom resided with her at the time the proceeding was commenced or reside with her now. (One son has since died.) The respondent has lived alone since her husband’s death in 1994. She is 65 years old and disabled. Her only income is $680 a month from Social Security.
In Fairbanks Gardens Co. v Gandhi (168 Misc 2d 128, affd 244 AD2d 315) we held that the cure period provided by RPAPL 753 (4) is applicable in holdover proceedings based upon a tenant’s failure to sign a renewal lease. This failure was considered a breach of the lease in order to bring that action under the broad umbrella of the cure period of RPAPL 753 (4). In light of the body of law that has developed since the amendment of RPAPL 753 (4) and our decision in Fairbanks, to hold otherwise here would be inconsistent.
There is no reason to deny this New York City Housing Authority tenant the same right to cure that other tenants in this city possess. In essence, the respondent has cured whatever incidents of undesirability may have existed in 1988 and 1992. We cannot ignore the shortage of available housing for low-income, elderly and infirm individuals in New York City. It cannot be said that justice is served by evicting this individual from a publicly funded facility.
Scholnick, J. P., and Chetta, J., concur; Patterson, J., dissents in a separate memorandum.