■ In the Matter of DOROTHY WILLIAMS, Petitioner, v RUBEN FRANCO, as Chair of the New York City Housing Authority, et al., Respondents. [691 NYS2d 462] —Determination of respondent New York City Housing Authority dated May 7, 1997, which terminated petitioner's public housing tenancy on the ground that she violated a stipulation of settlement in a prior nondesirability proceeding that conditioned her eligibility on the continued absence of an emancipated daughter from the subject apartment, unanimously modified, on the law and the facts, to vacate the penalty of termination and remand the matter to respondent for the imposition of a lesser penalty, and the proceeding brought pursuant to CPLR article 78, and also seeking a declaratory judgment (transferred to this Court by order of the Supreme Court, New York County [Stanley Parness, J.], entered March 19, 1998), is otherwise disposed of by confirming the remainder of the determination and dismissing the claim for declaratory relief, without costs.

Respondent's finding that petitioner violated the stipulation is supported by substantial evidence. Petitioner acknowledged that her excluded daughter was present at her apartment on the date of respondent's inspection; petitioner's granddaughter testified that the excluded daughter visited twice a week and that she told petitioner about this; and the investigating officer testified that the excluded daughter was let into the apartment in the presence of another adult daughter who acknowledged her awareness that the former's presence was prohibited. However, we vacate the penalty of termination and remand for imposition of a lesser penalty as the penalty of termination shocks our conscience in view of petitioner's long-time residency in public housing, her large household including seven children and three disabled persons, her reliance on public assistance and social security for support, her past unblemished record and the fact that the violation emanates from the acts of an emancipated child who does not reside with her (*cf., Matter of Spand v Franco*, 242 AD2d 210, *lv denied* 92 NY2d 802). Concur—Sullivan, J. P., Tom, Mazzarelli, Rubin and Friedman, JJ.