■ In the Matter of TERESA MARTINEZ, Petitioner, v RUBEN FRANCO, as Chair of the New York City Housing Authority, et al., Respondents. [708 NYS2d 83] —Determination of respondent New York City Housing Authority, dated May 20, 1998, which terminated petitioner's tenancy for violation of a "continued absence" proviso and violation of probation, unanimously modified, on the facts, to vacate the penalty and remand the matter for imposition of a lesser penalty, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [William Wetzel, J.], entered February 23, 1999), is otherwise disposed of by confirming the remainder of the determination, without costs.

Respondent's determination that petitioner violated a proviso requiring the "continued absence" of her daughter from her apartment and, in so doing, violated the terms of the general probation upon which her tenancy had been placed for the daughter's misconduct, was supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v New York State Div. of Human Rights*, 45 NY2d 176, 180). However, under the unique circumstances presented, which include the fact that petitioner has had an otherwise blemish-free record during her twelve-year tenure as a Housing Authority tenant and cares for her four infant grandchildren who reside with her, we find the penalty of terminating petitioner's tenancy shocking to our sense of fairness. In this regard, we point out that there is a paucity of information in the record regarding the underlying circumstances that led to petitioner's probation and the requirement that her daughter remain absent from her apartment. Accordingly, we remand the matter for imposition of a lesser penalty (*see, Matter of Williams v Franco*, 262 AD2d 45; *Matter of Powell v Franco*, 257 AD2d 509).

While the circumstances of this case necessitate a remand, we do so reluctantly because of the strong policy reasons supporting respondent's efforts to eliminate drugs from public housing. For this reason, were petitioner to again violate the conditions of her tenancy so as to undermine respondent's anti-drug efforts, it is doubtful that she would be entitled to any judicial consideration. We note that there is rarely a basis to excuse a violation of a continued absence proviso when the necessity for such a proviso arises from an offense involving

drugs. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Buckley and Friedman, JJ.