OPINION OF THE COURT
Per Curiam.
Order entered June 17, 1998 modified by vacating the provision allowing for a postjudgment cure pursuant to RPAPL 753 (4); as modified, order affirmed, without costs.
Appeal from order entered October 27, 1998 denying renewal and/or reargument dismissed, without costs, as academic.
After due notice and a hearing, respondent’s tenancy was finally terminated by landlord New York City Housing Authority because of her failure to submit requisite information concerning her income and household composition. Subsequently, the Authority served a 30-day notice to vacate and commenced this holdover eviction proceeding. Civil Court, while granting summary judgment on the petition, afforded tenant a postjudgment opportunity to cure pursuant to RPAPL 753 (4) based upon tenant’s affidavit that “I have now complied in full” with the recertification/income verification requirements.
We do not agree that RPAPL 753 (4) is appropriately invoked here. This proceeding was not premised upon a correctable breach of tenant’s lease, but was brought to enforce an administrative determination that tenant was no longer eligible for continued occupancy because of her noncompliance with certain rules and regulations governing the tenancy (see, New York City Hous. Auth. v Williams, 179 Misc 2d 822 [App Term, 2d Dept]; North Waterside Redevelopment Co. v Flores, NYLJ, July 21, 1997, at 27, col 5 [App Term, 1st Dept]). While it is argued that Civil Court’s application of the statute was “procedural” only, what has happened, in substance, is that the court has effectively reinstated a tenancy previously terminated by the Housing Authority after exhaustion of the administrative .process. The Housing Authority, in the exercise of its adjudicatory function, retains the discretion to grant or withhold a “cure” in a given case, subject only to the more limited standard of review applicable to CPLR article 78 proceedings timely commenced in Supreme Court (see, e.g., *820 Matter of Dukuly v Aponte, 204 AD2d 189).* It is not for the Civil Court to judicially extend the tenancy by the application of RPAPL 753 (4) in holdover proceedings of this type.

 So far as appears from the record, tenant did not challenge the Housing Authority’s final determination by way of CPLR article 78 review.