McCooe, J.
(dissenting). I respectfully dissent for the reasons stated in Thompson v 490 W. End Ave. Apts. Corp. (252 AD2d 430, 436 [1st Dept 1998]) which cites with approval the trial court’s decision in New York City Hous. Auth. (Red Hook E. Houses) v Williams (170 Misc 2d 963 [Civ Ct, Kings County 1996]). I disagree with the Appellate Term, Second Department’s reversal in New York City Hous. Auth. v Williams (179 Misc 2d 822) and the majority’s reliance on it. RPAPL 753 (4) (amended in 1982) should be “liberally construed.” (Nestor v McDowell, 81 NY2d 410, 414 [1993].) “In construing a statute, courts should not lose sight of the problem that the amendment was intended to remedy.” (Matter of Muller v New York State Div. of Hous. & Community Renewal, 263 AD2d 296, 305 [App Div, 1st Dept].) Noncompliance with the rules and regulations of the New York City Housing Authority by not timely furnishing financial data is a breach of an implied term of the lease curable under RPAPL 753 (4). (See, 923 Fifth Ave. Assocs. v Eisenberg, 191 AD2d 396 [1st Dept 1993]; Fairbanks Gardens Co. v Gandhi, 168 Misc 2d 128 [App Term, 2d Dept 1996].)
The order granting a postjudgment cure should be affirmed.
Parness, P. J., and Davis, J., concur; McCooe, J., dissents in a separate memorandum.