■ In the Matter of BAHRAM BENARESH et al., Appellants, v CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, Respondent. [710 NYS2d 33] —Judgment, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered October 25, 1999, which, to the extent appealed from, denied and dismissed so much of petitioners' petition pursuant to CPLR article 78 as sought an order prohibiting respondent from proceeding with the sale of certain property and directing respondent to sell the subject property to petitioners, unanimously affirmed, without costs.

Petitioners' argument, that respondent Department of Hous-

ing Preservation and Development (HPD) should be estopped from rejecting their offer to purchase the subject property based on representations by unnamed HPD representatives that the offer would be acceptable if petitioners obtained the approval of more than 51% of the property's tenants, is unavailing. Estoppel is ordinarily unavailable against a governmental agency (see, Matter of Parkview Assocs. v City of New York, 71 NY2d 274, 282, cert denied 488 US 801; A.C. Transp. v Board of Educ., 253 AD2d 330, 337, lv denied 93 NY2d 808). Moreover, there exists no basis to estop respondent from rejecting petitioners' offer to purchase the subject property since petitioners have made no showing that they changed position to their detriment based on the alleged misrepresentations of HPD representatives (see, A.C. Transp. v Board of Educ., supra, at 338).

More significantly, the offer respondent HPD made to petitioners by writing dated February 25, 1998 contained the unequivocal offer permitting petitioners to purchase the premises at issue for not less than $1.5 million. Petitioners were required to submit such offer prior to June 30, 1998 and the offer would have to be approved by 51% of the tenants. Clearly, petitioners were unable to achieve the majority necessary to accept respondent's offer and their delay resulted in the termination of their exclusive right to purchase the property for $1.5 million. They were then advised that they could only participate in an RFO, which resulted in a winning bid of $3,613,000. Concur—Tom, J. P., Mazzarelli, Lerner and Buckley, JJ.