OPINION OF THE COURT
Memorandum.
Final judgment affirmed without costs.
We affirm the final judgment for the reasons stated by this court in New York City Hous. Auth. v Williams (179 Misc 2d 822) and by the Appellate Term, First Department, in New York City Hous. Auth. v McClinton (184 Misc 2d 818). As noted in these decisions, pursuant to the federal consent decrees, the claim that a tenant is ineligible for continued occupancy is determined by the Housing Authority, and its determination is subject to review only in a CPLR article 78 proceeding (see, New York City Hous. Auth. v Clemente, NYLJ, Sept. 23, 1994, at 21, col 4 [App Term, 1st Dept]; New York City Hous. Auth. v Thoms, NYLJ, June 17, 1993, at 23, col 4 [App Term, 1st Dept]). The ensuing holdover proceeding is predicated only on a 30-day notice, and it is not an element of the Housing Authority’s proof in the holdover proceeding to establish that there has been a breach of the lease. Thus, the proceeding is not “based upon a claim that the tenant or lessee has breached a provision of the lease” (RPAPL 753 [4]; cf., Lufkin v Drago, 126 Misc 2d 177, affd 129 Misc 2d 1108 [RPAPL 753 (4) is inapplicable to nonprimary residence holdover proceedings, which are predicated on a ground for nonrenewal and not upon a “breach” of the lease]).
Contrary to the view of the dissenting justices in McClinton and Williams, our holding in Fairbanks Gardens Co. v Gandhi (168 Misc 2d 128, affd 244 AD2d 315 [failure to sign renewal lease deemed breach of a lease obligation]) does not require a different result. In the case of a failure to sign a renewal lease, the adjudication of whether there has been a “breach” is made in the holdover proceeding. Here, as noted, the adjudication of tenant’s ineligibility for continued occupancy is made following a full evidentiary hearing by the agency and is reviewable only in an article 78 proceeding. The adoption of a broad interpretation of RPAPL 753 (4) in these circumstances would permit the Civil Court to grant a cure period and to reinstate a tenancy where the agency’s determination that the tenant is no longer *17 eligible for continued occupancy has been upheld by the Supreme Court and/or the Appellate Division. The fact that the instant tenant did not avail herself of the existing avenue of review (e.g., Matter of Williams v Franco, 262 AD2d 45; Matter of Powell v Franco, 257 AD2d 509; Matter of Spand v Franco, 242 AD2d 210; Matter of Turner v Franco, 237 AD2d 225) does not warrant the judicial expansion of RPAPL 753 (4).