Patterson, J.,
concurs and votes to affirm in the following memorandum: In my view, the facts of this case are clearly distinguishable from those in New York City Hous. Auth. v Williams (179 Misc 2d 822). In Williams, there existed a question as to whether or not the tenant had received notice of the Escalera hearing. Ms. Williams never appeared for the proceedings. Moreover, the acts of nondesirability had occurred nearly eight years prior to the commencement of the holdover proceeding against Ms. Williams, by which time whatever incidents of undesirability that had occurred were long since cured. When the hearing was held, Ms. Williams lived alone in the apartment, and this was her. sole residence.
In the present case, following the acts of nondesirability committed by the tenant’s son, an administrative hearing was held in accordance with the authority’s termination of tenancy procedures. The tenant appeared at the hearing and indicated that she could not make a decision to exclude her son from the household as a condition of a lesser sanction. There was also evidence that the tenant had another residence where she resided with her daughter, while her son and his girlfriend lived in the apartment which was the subject of the proceeding. Based upon the above, the hearing officer made a finding for termination. The tenant in this case had a full and fair opportunity to litigate the issues.
Accordingly, I concur with the majority and vote to affirm.
Aronin, J.P., and Golia, J., concur; Patterson, J., concurs in a separate memorandum.