OPINION OF THE COURT
Nicholas Figueroa, J.
Petitioner seeks a judgment pursuant to CPLR article 78 declaring that respondents’ failure to entertain and determine his claim that he is entitled to remaining family member status *414 at respondents’ housing facility, where he now resides, is arbitrary, capricious and contrary to law. However, this claim is now academic, “as on November 27, 2002, subsequent to the petition’s filing, respondents notified petitioner in writing that he would not be accorded remaining family member status.” The denial also informs petitioner that he is not entitled to a grievance proceeding challenging that determination, as the tenancy under which he sought the status had been terminated.
Although petitioner alleges that respondents have failed to provide him with a grievance proceeding in which he could administratively challenge respondents’ failure to accord him remaining family member status, his demand for relief does not ask for any relief based on the lack of a grievance proceeding. However, the court will consider petitioner’s arguments, as the ad damnum clause asks for “other and further relief,” and respondents have addressed the argument.
Petitioner was never a tenant in respondents’ municipal housing complex. Rather, he occupied an apartment with his mother since May 25, 1977. His mother was the tenant under a written lease between her and respondents.
There is no dispute that respondents knew that petitioner occupied the apartment and permitted him to be there. There was no question that petitioner has behaved properly throughout his occupancy. However, respondents commenced an administrative proceeding to terminate petitioner’s mother’s tenancy because of her drug arrest in 2001. Petitioner’s mother failed to appear at a hearing at which she could have contested the termination, and, on May 24, 2001, respondents terminated her tenancy.
Respondents commenced a holdover proceeding against petitioner’s mother in the Civil Court of the City of New York, Kings County. On August 20, 2002 petitioner’s mother consented to a final judgment of possession of the apartment in respondents’ favor. She agreed that an eviction warrant would issue forthwith, but that its execution would be stayed until November 30, 2002.
On October 3, 2002, petitioner wrote to respondents and requested permission to occupy his mother’s apartment as a remaining family member, despite his mother’s eviction. On November 12, 2002, respondents’ employee orally notified petitioner’s attorney that it would not grant petitioner remaining family member status, as it terminated the tenancy he sought to succeed to. As noted, respondents furnished a written denial on November 12, 2002.
*415 Respondents’ denial was not arbitrary or capricious or contrary to law. Respondent, acting within its powers, correctly determined that when it terminates a tenancy, persons occupying the apartment are not entitled to remaining family status and may no longer occupy the apartment.
Respondent New York City Housing Authority is the public housing authority in New York City (Public Housing Law § 401). As such, it provides housing for low income tenants in New York City (Public Housing Law § 2), and has the power to make rules and regulations (Public Housing Law § 37), as well as the power to select tenants for its projects (Public Housing Law § 156).
Because respondent New York City Housing Authority is partially federally funded, it must comply with the provisions of 42 USC § 1437 et seq., and the applicable Department of Housing and Urban Development regulations (24 CFR 960.101 et seq.).
24 CFR 966.53 (a) defines grievance as: “any dispute which a tenant may have with respect to a PHA [public housing authority] action or failure to act in accordance with * * * PHA regulations which adversely affect the individual tenant’s rights, duties, welfare or status.”
A tenant is an “adult person” “[w]ho resides in the unit, and who is the remaining head of household of the tenant family residing in the dwelling unit” (24 CFR 966.53 [f] [2]). A family includes “The remaining member of a tenant family” (24 CFR 5.403 [6]). A tenant may be a single person (24 CFR 5.403 [7]).
The court, in determining whether petitioner is entitled to a grievance proceeding on the question of his status as a remaining family member, must examine the provisions of respondent New York City Housing Authority’s Management Manual. The manual’s provisions are respondent’s regulations affecting petitioner’s rights under 24 CFR 966.53 (id.) and are judicially recognized determinants of those rights (see e.g., Matter of Fai-son v New York City Hous. Auth., 283 AD2d 353).
Management Manual chapter VII E l.a defines a remaining family member as persons who were born into a tenant’s family, became members of the tenant family subsequently or who were born or adopted into the tenant family, provided that person remained in continuous occupancy up to and including the time the tenant of record moves or dies. A person meeting the criteria in the latter provision is entitled to a grievance hearing if found “not ‘otherwise eligible’ for public housing.” *416 (New York City Housing Authority Management Manual ch VII E l.b [1].)
However, a person claiming remaining family member status is not entitled to a grievance proceeding, if that person is “Any remaining occupant of an Authority apartment at the time the tenancy is terminated, subsequent to the termination but prior to any eviction, when the tenant of record moves or dies” (New York City Housing Authority Management Manuel ch VII E l.b [4] [b]).
Petitioner’s attorney conceded, both at oral argument and in his memorandum of law, that petitioner’s mother has vacated the apartment. He conceded, at oral argument, that the tenancy terminated when petitioner’s mother vacated the apartment.
Contrary to petitioner’s assertion, respondents’ determination was neither arbitrary and capricious, nor contrary to law (see Faison v New York City Hous. Auth., id.). Petitioner has not demonstrated that respondents have acted irrationally, or that their decision was without foundation in fact (see, Pell v Board of Educ., 34 NY2d 222, 231).
Respondents distinguish between two different categories of persons seeking succession rights to an apartment: those who seek to remain when the tenant moves or dies, and those who seek to remain after respondent terminates the occupants’ original tenancy in an eviction proceeding. The latter are not entitled to a grievance proceeding, while the former are. This distinction is rational.
Once a warrant issues, the landlord-tenant relationship terminates (Centre Great Neck v Rite Aid Corp., 292 AD2d 484). An evicted tenant’s child may also be removed from the premises even though she was not a party to the holdover proceeding (Loira v Anagnastopolous, 204 AD2d 608). Thus, once the tenancy ends, there are no succession rights to it. One cannot acquire rights to a nonentity. Respondent’s rule and its resulting determination are based on this logical conclusion; thus, its policy and decision are both rational.
Moreover, as there is no tenancy to succeed to, a grievance hearing would serve no purpose, as there are no issues to be determined. In the instant case, there is no dispute that petitioner’s mother’s tenancy was terminated as a result of a warrant issued in a holdover proceeding based on her misconduct. Respondent’s regulation correctly recognizes that the tenancy termination and eviction themselves determine all subsequent rights; therefore, a hearing would be useless.
*417 As respondent’s determination is a lawful and rational exercise of its power to determine who may occupy its apartments (Public Housing Law § 156), the court may not interfere with its decision (see Matter of 31171 Owners Corp. v New York City Dept. of Hous. Preserv. & Deo., 190 AD2d 441).
Nor does respondent’s determination violate federal regulations. Remaining family members are remaining members of a tenant family (24 CFR 5.403 [7]). A person cannot be a member of a tenant family when the tenancy terminates. Thus, while a tenant or the remaining head of a tenant family (24 CFR 966.53 [a]; [fl [2]) may be entitled to a grievance proceeding, petitioner is not a tenant or the remaining head of a tenant family, as there is no longer a tenancy.
The court is mindful of the contrary holding in Matter of Adams v Franco (168 Misc 2d 399), in which the court, in a factually similar case, determined that respondents acted arbitrarily and capriciously in denying remaining family member status. As an order in this case could not affect the order in Matter of Adams v Franco (id.), this is not bound by decisions (cf. Mears o Chrysler Fin. Corp., 243 AD2d 270). The court rejects that holding as it was incorrectly decided.
Adams o Franco ignores the legal consequences of a tenancy’s termination. Moreover, the decision is based on an expansive reading of Tyson v New York City Hous. Auth. (369 F Supp 513). That case held that the plaintiffs stated a valid due process claim by alleging that their tenancies were being terminated because of the improper actions of adult family members who did not reside with them. In the instant case, the tenancy ended because of tenant’s own misconduct and her agreement to terminate her tenancy.
The tenancy’s legal status, based on the tenant’s misconduct, was administratively determined even prior to the Civil Court proceeding. Due process does not require a new determination, a grievance proceeding, on whether the tenancy may continue, with petitioner as the tenant (Lopez v Henry Phipps Plaza S., Inc., 498 F2d 937, 945, 946). Nor has petitioner been denied due process because of the actions by the tenant, although he has not committed any wrongful acts.
Therefore, the court rejects the reasoning in Matter of Adams v Franco (id. at 405) that denying a person remaining family status punishes that person for another person’s misconduct.
In Matter of Wesley v Popolizio (186 AD2d 430), the First Department rejected the argument that a tenant’s misconduct *418 was not a basis for evicting his wife and children. Although the petitioner in that case was a cotenant, and therefore not entitled to remaining family member status, Matter of Wesley v Popolizio (id.) demonstrates that it is not unlawful to evict apartment occupants, when the tenant, but not the persons seeking to remain, commits acts that terminate the tenancy.
The instant case is further distinguishable from Matter of Adams v Franco (id.), as unlike that case, the instant respondents did not lull petitioner’s mother to believing that if she surrendered her tenancy, petitioner would be entitled to remain (id. at 406). Estoppel is ordinarily unavailable against a governmental agency, particularly in cases such as the instant one, where petitioner has not detrimentally relied on any statements by respondents (see Matter of Benaresh v City of N.Y. Dept. of Hous. Preserv. & Dev., 273 AD2d 86).
Finally, the court rejects petitioner’s argument, first raised in his reply memorandum of law, that respondents are estopped from removing him, because they gave him a criminal background questionnaire. The court may not consider this argument because it was raised in the reply memorandum (Ritt o Lenox Hill Hosp., 182 AD2d 560). In any event, petitioner has not established his detrimental reliance on respondents’ action (Benaresh o City of N.Y. Dept. ofHous. Presero. & Deo., id.).
Accordingly, it is adjudged that the petition is denied and the proceeding dismissed, and it is further ordered that the temporary stay the court granted on November 27, 2002 is vacated.