OPINION OF THE COURT
Per Curiam.
Order dated April 12, 2002 affirmed, with $10 costs.
*539 The respondent is a permanent hotel tenant (see, Rent Stabilization Code [9 NYCRR] § 2520.6 [j]) who requested a written lease and, when offered one by landlord containing a jury waiver, declined to sign it. Civil Court dismissed this holdover brought on account of tenant’s “unreasonable” refusal to “renew the lease as required by law,” and we affirm. While a landlord is required, on request, to “grant a lease” to a hotel resident (see, Rent Stabilization Code [9 NYCRR] § 2522.5 [a] [2]), the resident may not be compelled to accept it on pain of eviction. Landlord’s tender of a lease was no more than an offer which tenant was entitled to reject. Contrary to landlord’s argument, the right to request a lease does not imply a “duty” to execute it. Moreover, under the code, a statutory hotel tenant is not required to execute a lease or renew an expiring lease (§ 2522.5 [a] [2]; § 2524.3 [f]).
Landlord’s reliance upon 6 Greene St. Assoc. v Robbins (256 AD2d 169) is misplaced, as that case concerns the obligation of a tenant to sign an initial rent stabilized lease following the transition from coverage under the Loft Law.
McCooe, J.P., Gangel-Jacob and Schoenfeld, JJ,, concur.