■ VERONICA MCLAUGHLIN, Respondent, v TINO HERNANDEZ, as Chairman of the New York Housing Authority, et al., Appellants. [793 NYS2d 15]—

Judgment, Supreme Court, New York County (Herman Cahn, J.), entered May 13, 2004, which granted the petition to annul New York City Housing Authority's (NYCHA) determination, dated August 25, 2003, refusing to reopen petitioner's mother's administrative default, and remanded the matter to NYCHA to reopen the default and allow petitioner to present her claim for "remaining head of household status," unanimously reversed, on the law, without costs, the petition denied, NYCHA's determination reinstated and the proceeding dismissed.

The IAS court erred in annulling NYCHA's default determination since the particular circumstances herein did not warrant reopening it. The notice provided by NYCHA was clearly consistent with federal and state law, regulations and administrative policy governing tenancy termination proceedings in public housing, wherein NYCHA is not obligated to serve such notice on household members other than the tenant of record (*see e.g. Escalera v New York City Hous. Auth.*, 425 F2d 853 [1970], *cert denied* 400 US 853 [1970]; 24 CFR 966.4 [e] [8] [ii] [A]; 53 Fed Reg 33216, 33246-33247 [1988] [codified at 24 CFR 966.50 *et seq.*]; *Matter of Abdil v Martinez*, 307 AD2d 238 [2003]; *Matter of Faison v New York City Hous. Auth.*, 283 AD2d 353 [2001]; *Matter of Figueroa v Hernandez*, 194 Misc 2d 413 [2002]; *New York City Hous. Auth. v McClinton*, 184 Misc 2d 818 [2000]). Petitioner's mother, the tenant of record, appeared before NYCHA in this matter on three separate occasions, prior to her default, but never affirmatively indicated that she had terminated or intended to terminate her residency in the unit. Thus, petitioner's attempt to assert remaining head of household status occurred only after the tenancy had been terminated and any claim she might have had to such status was extinguished (*see* 24 CFR 966.53 [f]; *Matter of Abdil v Martinez*, 307 AD2d 238 [2003], *supra*; *Matter of Faison v New York City Hous. Auth.*, 283 AD2d 353 [2001], *supra*; *Matter of Figueroa v Hernandez*, 194 Misc 2d 413 [2002], *supra*). Consequently, NYCHA's determination to uphold the default was rationally based in well-settled law and administrative policy, and was not arbitrary or capricious, and the court should have deferred to it (*Matter of Salvati v Eimicke*, 72 NY2d 784, 791 [1988]; *Matter of Nelson v Roberts*, 304 AD2d 20, 23 [2003]; *Matter of Malek v Franco*, 263 AD2d 427, 429 [1999], *lv denied* 94 NY2d 762 [2000]), instead of incorrectly shifting the burden of proving the mother's continued residency from petitioner to NYCHA.

The IAS court further erred in collaterally attacking the conclusive Civil Court judgment that awarded possession of the apartment to NYCHA (*see* 73 NY Jur 2d, Judgments § 273 [where court has jurisdiction, judgment is conclusive, whether right or wrong, and is not open to collateral attack until reversed on appeal or set aside]). Concur—Mazzarelli, J.P., Saxe, Friedman, Sullivan and Williams, JJ.