Cunningham Associates, L.P., Appellant,
against
Andrea Peterson, Respondent, et al., Undertenants.




Horing, Welikson & Rosen, P.C. (Melissa S. Levin of counsel), for appellant.
Andrea Peterson, respondent pro se (no brief filed).

Appeal from a final judgment of the Civil Court of the City of New York, Queens County (Clifton A. Nembhard, J.), entered November 29, 2017. The final judgment, upon a decision of that court dated October 18, 2016, after a nonjury trial, dismissed the petition without prejudice in a holdover summary proceeding.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated October 18, 2016 is deemed a premature notice of appeal from the final judgment entered November 29, 2017 (see CPLR 5520 [c]); and it is further,
ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court to make findings of fact and determine whether landlord established its claims in this holdover proceeding in accordance with this decision and order, and to enter a final judgment accordingly.
In this holdover proceeding, landlord served tenant with a 10-day notice to cure which stated that tenant was in violation of a substantial obligation of her tenancy in that she had refused to provide landlord with access to the premises in order to inspect, make necessary repairs, and correct violations. Thereafter, landlord served tenant with a 15-day termination notice which stated that tenant had failed to provide access before the cure date set forth in the notice to cure, and which further stated that landlord was also terminating the tenancy based on tenant's failure to execute a properly offered rent-stabilized renewal lease. Landlord subsequently served tenant with a notice of petition and petition. Following a nonjury trial, the Civil Court dismissed the petition without prejudice, finding that the termination notice was defective because landlord was required, and had failed, to serve tenant with a notice to cure her failure to renew her rent-stabilized lease.
Rent Stabilization Code (RSC) (9 NYCRR) § 2524.3, which governs eviction [*2]proceedings against rent-stabilized tenants, provides, in pertinent part, that a proceeding "may only be commenced after service of the notice required by section 2524.2 of this Part (Termination Notices), upon one or more of the following grounds . . . (f) The tenant has refused, following notice pursuant to section 2523.5 of this Title (Notice For Renewal Of Lease And Renewal Procedure), to renew an expiring lease." RSC § 2523.5 (c) (3) provides, in pertinent part, that "an owner may commence an action or proceeding to recover possession of a housing accommodation in a court of competent jurisdiction pursuant to sections 2524.2 (c) (1) and 2524.3 (f) of this Title, where the tenant, upon the expiration of the existing lease or agreement, fails to timely renew such lease in the manner prescribed by this section." RSC § 2524.2, entitled "Termination notices," provides, in pertinent part, "(c) Every such notice shall be served upon the tenant: (1) in the case of a notice based upon section 2524.3(f) of this Part, at least 15 days prior to the date specified therein for the surrender of possession." By the clear language of these provisions, no predicate notice other than the 15-day termination notice is required to commence a proceeding upon the ground that a tenant has failed to sign a properly offered rent-stabilized renewal lease (see 6 Greene St. Assoc. v Robbins, 256 AD2d 169, 170 [1998]).
Accordingly, the final judgment is reversed and the matter is remitted to the Civil Court to make findings of fact in the holdover proceeding and determine whether landlord established its claims, and to enter an appropriate final judgment.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 26, 2018