Bey v Sobro Local Dev. Corp. (2019 NY Slip Op 08155)





Bey v Sobro Local Dev. Corp.


2019 NY Slip Op 08155


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


10292 302595/16

[*1] Messiah Ali Bey, Plaintiff-Appellant,
v
Sobro Local Development Corporation, Defendant-Respondent.


Messiah Ali Bey, appellant pro se.
Lazarus Karp, LLP, New York (Charles J. Seigel of counsel), for respondent.



Order, Supreme Court, Bronx County (Robert T. Johnson, J.), entered on or about February 13, 2018, which denied pro se plaintiff Messiah Ali Bey's motion for a default judgment against defendant landlord, extended landlord's time to respond to the complaint, and granted landlord's cross motion to dismiss the complaint, unanimously affirmed, without costs.
Bey's claim for declaratory relief was based on a purported inconsistency between the prior determinations. The February 19, 2013 order, issued in the first holdover proceeding, did not determine that Bey had legal occupancy of the premises, but stated the landlord could not prevail on summary judgment due to issues of fact, which would have to be determined after a trial. The January 27, 2014 judgment of possession in landlord's favor issued in the second holdover proceeding, commenced by landlord after the first proceeding was dismissed without prejudice due to improper service of process, resulted from Bey's non-appearance at that trial, which non-appearance the Appellate Term found willful (see Sobro Local Dev. Corp. v Bey et al., 46 Misc 3d 133[A][App Term, 1st Dept 2014]). Those determinations are not inconsistent and, in any event, do not create the requisite "justiciable controversy" to support a declaratory relief claim (CPLR 3001). Bey's complaint is an impermissible collateral attack upon the housing court judgment (see e.g. McLaughlin v Hernandez, 16 AD3d 344 [1st Dept 2005]; 73 NY Jur 2d, Judgments § 275). His available avenues for relief were to seek leave to reargue or to appeal. He pursued both, without success.
Bey shows no reason to disturb the court's decision to allow for landlord's late-filed answer, which, under the circumstances, was a provident exercise of the court's discretion (CPLR 3012[d]). The landlord's de minimis delay, combined with its reasonable excuse of having lost track of filing deadlines, the absence of any indication that the delay was willful or that it was prejudicial to Bey, the merits of the landlord's defense, and the State's policy of resolving cases on the merits, supported the relief (see Naber Elec. v Triton Structural Concrete, Inc., 160 AD3d 507 [1st Dept 2018]; Artcorp v Citirich Realty Corp., 140 AD3d 417 [1st Dept 2016]). Bey's arguments concerning CPLR 3215(f) are not relevant, as landlord has not asserted improper service as a ground for failure to timely answer the complaint, nor has it argued that Bey's motion should have been denied for failure to annex proof of service. Even assuming service was proper and supported by an affidavit of service, Bey has not shown landlord's delay justified a default judgment in his favor, as stated above.
We have considered Bey's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK