New York City Housing Authority, Petitioner-Landlord-Appellant, -
against
Lauren Major, Respondent-Tenant-Respondent.




Landlord, as limited by its brief, appeals from that portion of a final judgment of the Civil Court of the City of New York, Bronx County (Enedina Pilar Sanchez, J.), entered on or about February 26, 2018, after a nonjury trial, which, in awarding possession to landlord in a holdover summary proceeding, permanently stayed issuance of the warrant of eviction.




Per Curiam.
Final judgment (Enedina Pilar Sanchez, J.), entered on or about February 26, 2018, insofar as appealed from, modified to the extent of vacating the permanent stay of issuance of the warrant of eviction; as modified, final judgment affirmed, without costs.
Civil Court lacked the authority to permanently stay an eviction as a reasonable accommodation where, as here, the tenancy was terminated by landlord New York City Housing Authority following an agency hearing on the merits and tenant exhausted her administrative remedies (see New York City Hous. Auth. (Rangel Houses) v Groves, 38 Misc 3d 128[A], 2012 NY Slip Op 52364[U][App Term, 1st Dept 2012]; New York City Hous. Auth. v McClinton, 184 Misc 2d 818 [App Term, 1st Dept 2000]; New York City Hous. Auth. v Williams, 179 Misc 2d 822 [App Term, 2d Dept 1999]; see also New York City Hous. Auth. (S. Jamaica Houses) v Jackson, 56 Misc 3d 5 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Moreover, tenant waived her disability discrimination claim by failing to raise it at the administrative hearing (see Matter of Aponte v Olatoye, 30 NY3d 693, 698 [2018]; Matter of Blas v Olatoye, 161 AD3d 562, 562-563 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 02, 2019