Badesch v Fort 710 Assoc., L.P. (2024 NY Slip Op 06650)

Badesch v Fort 710 Assoc., L.P.

2024 NY Slip Op 06650

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Renwick, P.J., González, Rodriguez, Higgitt, Rosado, JJ. 

Index No. 160639/18 Appeal No. 3363 Case No. 2024-02174 

[*1]Spencer Badesch, Respondent,
v
Fort 710 Associates, L.P. Appellant. 

Greenberg Traurig, LLP, New York (Daniel J. Ansell of counsel), for appellant.
Singh & Rani, LLP, New York (Bikram Singh of counsel), for respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered February 28, 2024, which, to the extent appealed from as limited by the briefs, denied defendant's motion for leave to file an amended answer, unanimously reversed, on the law and in the exercise of discretion, without costs and the motion granted.
Supreme Court improvidently exercised its discretion in denying defendant's motion (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]). Motions for leave to amend pleadings should be freely granted (CPLR 3025[b]) absent prejudice or surprise resulting from the proposed amendment, unless the proposed amendment is palpably insufficient or patently devoid of merit (see MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]; see also Ferrer v Go New York Tours Inc., 221 AD3d 499, 500 [1st Dept 2023] ["The legal sufficiency or merits of a proposed amendment to a pleading will not be examined unless the insufficiency or lack of merit is clear and free from doubt"] [internal quotation marks and citation omitted]). Defendant's proposed affirmative defense, which seeks to offset damages for any rent overcharges on a rent-stabilized apartment based on rental income plaintiff received during his tenancy, is not palpably insufficient or patently devoid of merit so as to warrant denial of the motion.
Contrary to Supreme Court's assertion that a tenant may sublet a rent-stabilized unit at whatever price the market will bear, a rent-stabilized tenant may sublet a unit for no more than the legal regulated rent, plus a 10% surcharge for units sublet fully furnished (see 9 NYCRR 2525.6[b]; Goldstein v Lipetz, 150 AD3d 562, 564 [1st Dept 2017], appeal dismissed 30 NY3d 109 [2017]). Furthermore, a violation of the Rent Stabilization Code, to the extent it can be interpreted as a breach of implied covenant under the lease (see Fairbanks Gardens Co. v Gandhi, 168 Misc 2d 128, 129 [App Term 2d Dept 1996], affd 244 AD2d 315 [2d Dept 1997]), could justify an offset of plaintiff's alleged damages (see Brushton-Moira Cent. School Dist. v Thomas Assoc., 91 NY2d 256, 261 [1998]). Plaintiff does not argue that he would be prejudiced by the proposed pleading.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024