Giangrande v Gracie Gardens Owners Corp (2025 NY Slip Op 05920)

Giangrande v Gracie Gardens Owners Corp

2025 NY Slip Op 05920

Decided on October 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 28, 2025

Before: Kern, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ. 

Index No. 160533/22|Appeal No. 5055|Case No. 2024-01882|

[*1]Angelo Giangrande, Plaintiff-Appellant,
v
Gracie Gardens Owners Corp et al., Defendants-Respondents.

Bailey Law, P.C., Syosset (Edward G. Bailey of counsel), for appellant.
Braverman Greenspun P.C., New York (Kelly A. Ringston of counsel), for respondents.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about February 9, 2024, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the second, third, fourth, sixth, and seventh causes of action, unanimously affirmed, with costs.
Civil Court's judgment of possession and warrant of eviction are not subject to collateral attack absent a showing that Civil Court lacked jurisdiction to award possession or order a tenant's eviction (see Matter of Bobian v New York City Hous. Auth., 55 AD3d 396 [1st Dept 2008]). The causes of action that plaintiff asserts in this proceeding would effectively require nullification of the issuance of the judgment of possession and warrant of eviction, constituting an impermissible collateral attack. Civil Court's judgment is not open to a collateral attack unless and until the judgment is either reversed on appeal or set aside (see McLaughlin v Hernandez, 16 AD3d 344, 346 [1st Dept 2005]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2025