■ In the Matter of MARSID REALTY Co., Appellant, v CHING LEOU LIU, Respondent, et al., Respondents. [22 NYS3d 446]—

Order, Appellate Term of the Supreme Court, First Department, entered August 14, 2014, which, to the extent appealed from as limited by the briefs, on affirming a judgment of the Civil Court, New York County (David J. Kaplan, J.), granting petitioner-landlord's holdover petition subject to respondent-tenant's right to cure, permanently stayed the warrant of eviction, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs and the permanent stay vacated.

The landlord brought this holdover petition seeking to evict the rent-stabilized tenant pursuant to section 2524.3 (f) of the Rent Stabilization Code (9 NYCRR), on the ground that she

failed to renew her expiring rent-stabilized lease. The Civil Court found, and the Appellate Term affirmed, that the landlord tendered a timely and proper lease renewal. On appeal, the tenant concedes that she did not timely renew the lease, but submits that she is entitled to keep her rent-stabilized apartment because "equity abhors a forfeiture" (*Thompson v 490 W. End Apts. Corp.*, 252 AD2d 430, 437 [1st Dept 1998] [internal quotation marks omitted], *lv denied* 92 NY2d 814 [1998]).

We disagree. The tenant was given numerous opportunities to sign the renewal lease. Indeed, following trial, she was given several copies of the renewal lease in open court after the court granted the tenant an opportunity to cure in the form of a 10-day stay pursuant to section 753 (4) of the Real Property Actions and Proceedings Law (*see e.g. id.*; *6 Greene St. Assoc. v Robbins*, 256 AD2d 169, 170 [1st Dept 1998]). The court went on to caution the tenant to sign the lease and pay the difference in rent. The tenant, however, did not comply, and later admitted in a posttrial hearing that she had still not signed the renewal lease. At the conclusion of the hearing, the court rejected the tenant's contentions as not credible, and found that her testimony at both the hearing and the trial had been "deceptive and intended to frustrate [the landlord]'s rights." The Appellate Term affirmed the factual findings and sustained the possessory judgment in the landlord's favor.

We find that under these circumstances, and given the credibility determinations, the Appellate Term improvidently permitted the tenant to continue occupancy in the apartment.

We have considered the tenant's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Saxe and Richter, JJ.