84 West 188 Realty LLC, Petitioner-Landlord-Respondent, 
against
Jenal Evans, Respondent-Tenant-Appellant, and John Doe and Jane Doe, Respondents.




Tenant appeals from an order of the Civil Court of the City of New York, Bronx County (Howard J. Baum, J.), entered on or about March 29, 2019, denying her post-eviction motion to be restored to possession and for a further opportunity to cure in a holdover summary proceeding.




Per Curiam.
Order (Howard J. Baum, J.), entered on or about March 29, 2019, affirmed, without costs.
We find no abuse of discretion in the denial of tenant's application for post-eviction relief in this holdover proceeding based upon her failure to sign a renewal lease (see Rent Stabilization Code [9 NYCRR] § 2524.3[f]; 6 Greene St. Assoc. v Robbins, 256 AD2d 169 [1998]). Tenant offered no convincing excuse for her repeated defaults in appearance despite multiple notices sent by the court and landlord. Nor did she ever sign the proffered renewal lease, despite several opportunities to do so, including a post-default judgment opportunity to cure in the form of a 10-day stay pursuant to RPAPL 753(4) (see Matter of Marsid Realty Co. v Ching Leou Liu, 135 AD3d 525 [2016]). Any error with respect to the apartment number on the notice of entry of the judgment after inquest was inconsequential, since there was no evidence that the error impaired delivery (see Cadle Co. v Tri-Angle Assoc., 18 AD3d 100, 104 [2005]). Under the circumstances, and in the absence of good cause shown, tenant's application to be restored to possession and for a further opportunity to sign a renewal lease was properly denied (see Marsid Realty Co. v Ching Leou Liu, 135 AD3d at 526).
Tenant's remaining arguments are both unpreserved and unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 22, 2019