Newstart Props. Inc v Hill (2025 NY Slip Op 51941(U))

[*1]

Newstart Props. Inc v Hill

2025 NY Slip Op 51941(U)

Decided on December 9, 2025

Civil Court Of The City Of New York, Bronx County

Lutwak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 9, 2025
Civil Court of the City of New York, Bronx County

Newstart Properties Inc, Petitioner-Landlord,

against
Ramona Hill, Respondent-Tenant, and "JOHN DOE" and "JANE DOE", Respondents-Undertenants.

Index No. LT-341633-24/BX

Jeffrey Hulbert, Esq.
Horing Welikson Rosen & Digrugilliers PC
11 Hillside Ave, Williston Park, NY 11596 
Phone: (516) 535-1700 
E-mail: [email protected]
Respondent Pro Se:
Ramona Hill
Bronx, NY 10472

Diane E. Lutwak, J.

PROCEDURAL HISTORY
In this holdover eviction proceeding landlord Newstart Properties Inc (Petitioner) seeks to evict tenant Ramona Hill (Respondent), based upon her alleged failure to sign a renewal lease for her Rent Stabilized apartment. Petitioner has also named a "John Doe" and "Jane Doe" as Respondent-Undertenants. The Petition is dated November 27, 2024 and is predicated upon a 15-day Notice of Termination dated October 2, 2024. The 15-day Notice advised Respondent that her tenancy was being terminated pursuant to Section 2524.3(f) of the Rent Stabilization Code of the City of New York "based upon the fact that you have refused, following Notice sent to you on a form prescribed by the Division of Housing and Community Renewal, pursuant to Section 2523.5 of said Code (Notice for Renewal of Lease and Renewal Procedure) and dated May 28, 2024, to renew an expiring lease in the manner prescribed in such Notice at the legal regulated rent authorized under said Code and the Rent Stabilization Law and otherwise upon the same terms and conditions as your expiring lease." The Petition seeks a final judgment of possession, issuance of a warrant of eviction and a money judgment for the fair value of "use [*2]and occupancy" of the premises plus legal fees, costs and disbursements. 
The case was noticed and calendared initially for February 5, 2025 in Intake Part 2, then transferred to Resolution Part G and adjourned first to April 9, then May 22, then July 17 and finally September 3, 2025, when the case was transferred to this Trial Part. After a pre-trial conference on October 7, 2025 the case was adjourned to December 8, 2025, for trial.
At trial, the facts were essentially undisputed. Admitted into evidence as Petitioner's Exhibits 1, 2 and 3 were certified copies of documents pertaining to the subject building at 1334 Manor Avenue in the Bronx: Petitioner's deed, proof that the building is a currently registered multiple dwelling, and the New York State Division of Housing and Community Renewal's (DHCR) 2025 Registration Rent Roll Report. Admitted into evidence through Petitioner's sole witness Carmen Hernandez, who works for Petitioner's management company Langsam Property Services Corp., were Respondent's initial lease (Exhibit 4); an unsigned Renewal Lease Form dated May 28, 2024 (Exhibit 5); a Certificate of Mailing and Certified Mail Receipt dated May 29, 2024 (Exhibit 6); and Petitioner's ledger for Respondent's account (Exhibit 7) showing current rent arrears of $54,139.02 based on a monthly base rent of $1322.66. Ms. Hernandez testified that Respondent did not sign and return the Renewal Lease after it was sent to her by both first-class mail with Certificate of Mailing and Certified Mail. At Petitioner's request, the court took judicial notice of the following documents in the court file: Notice of Petition, Petition, 15-day termination notice and affidavits of service of these documents.
Respondent testified as her own sole witness. Admitted into evidence through her testimony were a notice she sent to Petitioner's agent Mark Engel dated July 1, 2024, with proof of mailing by Certified Mail, return receipt requested, acknowledging receipt of the Renewal Lease form dated May 28, 2024 and rejecting it for various reasons stated in the notice (Exhibit A); and copies of DHCR Annual Apartment Registration forms for the years 2022, 2023, 2024 and 2025, all indicating a Legal Regulated Rent of $1322.66. At Respondent's request, the court took judicial notice of court files in two prior cases between the parties: LT-331058-22/BX (a nonpayment proceeding, dismissed after trial by Decision/Order dated June 9, 2023 due to the lack of an executed lease between the parties); and LT-334082-23/BX (a holdover proceeding based on alleged failure to sign a renewal lease, withdrawn on May 22, 2024).
At the close of trial, Petitioner asserted that it had proven its case and requested a possessory judgment and a monetary judgment for $54,139.02 in "use and occupancy"; Respondent requested dismissal of the proceeding with prejudice, arguing that Petitioner failed to comply with the requirements of the Rent Stabilization Code.
DISCUSSION
Under Rent Stabilization Code (RSC) § 2524.3(f), it is grounds for eviction where a Rent Stabilized tenant refuses, after being given proper notice, to renew an expiring lease. See generally Matter of Marsid Realty Co v Ching Leou Liu (135 AD3d 525, 22 NYS3d 446 [1st Dep't 2016]). The issue to be decided here is whether the Renewal Lease Petitioner offered Respondent (Petitioner's Exhibit 5), and which Respondent acknowledged receipt of (Respondent's Exhibit A), conforms to the requirements of RSC § 2523.5. If it does, as there are no other issues presented, Petitioner is entitled to the relief it seeks. However, if that Renewal Lease does not comply with the RSC, the proceeding must be dismissed. See Santorini Equities, Inc v Picarra (72 AD3d 73, 899 NYS2d 1 [1st Dep't 2010])(reversing Appellate Term's affirmance of trial court and dismissing holdover proceeding); Coster 1 LLC v Zeida (67 Misc 3d [*3]687, 123 NYS3d 417 [Civ Ct Bx Co 2020]). Such dismissal would be without prejudice to Petitioner's right to bring a proper proceeding on proper papers. See, e.g., Hecsomar Realty Corp v Camerena (62 Misc 3d 143[A], 113 NYS3d 463 [App Term 1st Dep't 2019]); Singh v Ramirez (20 Misc 3d 142[A], 872 NYS2d 693 [App Term 2nd Dep't 2008]); 7 E 14, LLC v Libson (79 Misc 3d 1230[A], 191 NYS3d 923 [Civ Ct NY Co 2023], aff'd, 81 Misc 3d 130[A], 198 NYS3d 859 [App Term 1st Dep't 2023]); 120 Beach 26th St, LLC v Cannon (64 Misc 3d 1224[A], 117 NYS3d 463 [Civ Ct Qns Co 2019]).
The Renewal Lease at issue here was prepared on the required DHCR form ("RTP-8"); is dated May 28, 2024; includes notification that "your lease will expire on 12/31/ 2021"; offers a lease to commence September 1, 2024; lists the last Legal Rent (Column B in Part A) as $1322.66; offers a one-year lease renewal at a 3% increase ($1362.34/month); and offers a two-year renewal at a 2.75% increase for the first year ($1359.04/month) and a 3.2% increase for the second year ($1402.53/month). The "Instructions to Owner" on the reverse side of the form explain that "Any rent increase must not exceed the applicable Rent Guidelines Board adjustment(s) plus other adjustments authorized by the Rent Stabilization Code".
The New York City Rent Guidelines Board (RGB) issues annual orders establishing the rates permitted for rent increases under one- and two-year Rent Stabilized lease renewals. The court takes judicial notice of those orders, which are available on the RGB's website, 
https://rentguidelinesboard.cityofnewyork.us/wp-content/uploads/2025/07/RGB-Apartment-Chart.pdf
. The increases described above that were set forth in the Renewal Lease at issue in this proceeding are the ones listed under RGB Order # 55 for the year running from October 1, 2023 through September 30, 2024.
Section 2523.5 of the Rent Stabilization Code is entitled "Notice for renewal of lease and renewal procedure" and is comprised of five subsections, labelled (a) through (e). Relevant to this case are subsections (a) and (c):

 • Subsection (a) is the starting point, and requires that a landlord "notify the tenant named in the expiring lease not more than 150 days and not less than 90 days prior to the end of the tenant's lease term, by mail or personal delivery, of the expiration of the lease term, and offer to renew the lease". 

• Subsection (c) is a corollary to subsection (a), providing requirements that apply "Where the owner fails to timely offer a renewal lease". Under subsection (c)(1), when a renewal lease offer is made late, the tenant may select the start date of their one- or two-year lease term: "either [i] on the date a renewal lease would have commenced had a timely offer been made; or [ii] on the first rent payment date after the date that the owner does offer the lease to the tenant." Whichever date the tenant chooses, "the effective date of the increased rent under the renewal lease shall commence on the first rent payment date occurring no less than 90 days after such offer is made by the owner, and the guidelines rate applicable shall be no greater than the rate in effect on the commencement date of the lease for which a timely offer should have been made." Here, where Petitioner's proposed Renewal Lease was dated May 28, 2024 and noted that the last lease expired on December 31, 2021, clearly that Renewal Lease offer was untimely under subsection (a) of RSC § 2523.5 and the court must determine whether Petitioner met the requirements of subsection (c)(1), applicable to untimely lease renewal offers. Under that subsection (c)(1), the RGB rates applicable as of "the commencement date of the lease for which timely offer should have been made" must be examined. As [*4]the last lease expired December 31, 2021, had a timely Renewal Lease been offered it would have had a commencement date of January 1, 2022. At that time, it was RGB Order # 53 that would have applied, which established for a one-year renewal increases of 0.0% for the first six months and 1.5% for the last six months and, for a two-year renewal, an increase of 2.5%. These rates are lower than the ones in effect in May 2024 under RGB Order # 55 and, under RSC § 2523.5(c)(1), should have been listed on the May 28, 2024 Renewal Lease. The proffered Renewal Lease's failure to incorporate the lower rent increase rates mandated by RGB Order # 53 is a defect that is fatal to this proceeding.
CONCLUSION
Based on the foregoing, after trial, it is hereby ORDERED that this proceeding is dismissed, without prejudice. This constitutes the Decision and Order of the Court, which the Court is uploading on NYSCEF and emailing to the unrepresented Respondent-Tenant.
Diane E Lutwak, HCJ
Dated: December 9, 2025
Bronx, New York